PETERS, Defendant in Error, v. THE ST. LOUIS & IRON MOUN-
TAIN RAILROAD COMPANY, Plaintiff in Error.

1. A laborer employed in the construction of a railroad by a sub-contractor
is entitled to the benefit of the 12th section of the "Act to authorize the
formation of railroad associations and to regulate the same," approved
February 24, 1853. (Sess. Acts, 1853, p. 128.)

2. It is not necessary that the thirty days' labor, for which a railroad com-
pany may be held liable under said act, should be performed upon thirty
consecutive days.

3. Demands against a railroad company under section 12 of the act of Feb-
ruary 24, 1853, (Sess. Acts, 1853, p. 128,) were assigned to an assignee in
order that he might collect them either by suit in his own name or other-
wise; for his services, he was to receive twenty-five per cent. of the amount
collected, and the remainder he was to pay over to the assignors; he was
to pay all costs and charges that might accrue in the collection of the
claims or in their attempted collection. *Held*, that the assignee might sue
for said claims in his own name.

*Error to St. Louis Law Commissioner's Court.*

*S. A. Holmes*, for plaintiff in error.

I. A laborer employed by a sub-contractor is not entitled to
the benefit of the statute. The object of the notice required is
that the company may be enabled to protect itself against the
contractor in case he fails to pay his hands. This object would
be defeated by holding that the hands of a sub-contractor were
entitled to this remedy. The word " contractor," by which
must be intended the contractor with the company, is alone
made use of in the statute. Had the legislature intended to
enlarge the remedy so as to embrace employees of a sub-con-
tractor, it would have so said. This is done in the case of
mechanics' liens, and all special remedies of this kind. The
statute is in derogation of the common law and ought to be
strictly construed.

II. The notices were insufficient. They claimed for work
done in periods of from forty to sixty days. The statute gives
the remedy for thirty or any less number of days' labor, and
requires that such notice shall be in writing, and shall state the

amount and number of days' labor, and the time when the said labor was performed. The notice itself should show that the party is entitled under the statute, and that the work was performed within the period of thirty days, otherwise the company is not bound to take any notice of it. (Sess. Acts, 1853, p. 128.)

III. The claimants themselves should have been made parties. The finding shows that the plaintiff was a mere agent to collect for a mere compensation agreed upon.

*Casselberry,* for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

This case was before this court at our March term, in the year 1856, and was then reversed and remanded. (23 Mo. 107.) The decision then given does not expressly embrace some of the points now raised. We shall then proceed to notice them. The plaintiff in error, that is, the Railroad Company, contends that a laborer employed by a sub-contractor is not entitled to the benefit of the statute. This point has been ruled otherwise in New York, and our statute is a literal copy, so far as the 12th section is concerned, of the New York act. We are fully satisfied with the construction given by the Court of Appeals of New York, and, with that court, we hold that this 12th section extends to workmen hired by parties to whom the original contractor had sub-let a portion of the work. This point is so ruled expressly in the case of Kent v. New York Central Railroad Company, 2 Ker. 628. This case is cited in the opinion delivered in March. 1856, and we supposed our approbation then might have been implied so far as to settle this point.

The next point brought to our consideration is the notice which was given. The court finds : " That on or about the 28th March, 1855, and within twenty days after the performance of the labor on said road, for which the said laborers alleged they were unpaid by said Ribhan, those of them hereinafter mentioned caused notices in writing to be served on the defendant,

which notices were directed ' To the Iron Mountain Railroad Company and to the officers, agents and servants thereof,' and stated the amount and number of days' labor, and the time when it was performed, and the name of the contractor from whom due; that is to say, Ernst Hain's notice, signed by himself, stated that he labored for said Ribhan thirty-one and three-fourth days, between the 20th January and 20th March, 1855, at one dollar per day, and claimed $31 75; Christian Eichhorn's notice, signed by himself, stated that he had worked thirty and a half days for Ribhan, between the 1st February aud 20th March, 1855, eleven days, at one dollar per day, and the remainder at one dollar and twenty-five cents per day, and claimed $34 37; Frederick Eger's notice, signed by himself, stated that he worked for Ribhan twenty-five days, at one dollar per day, between 7th February and 20th March, 1855, and claimed $25; Valentine Neureiber's notice, signed by himself, stated that he worked fifteen and a half days for Ribhan, at one dollar per day, between 12th February and 10th of March, 1855, and claimed $15 50; John Behland's notice, signed by himself, stated that he worked twenty-eight and a half days for Ribhan, at one dollar per day, between the 1st of February and the 20th of March, 1855, and claimed $28 50. These notices were served on one Kelly, who was an engineer and superintendent employed by the defendant below, and had charge of that section of the road on which the said labor was performed, by delivering the same to him personally." The act requires the notice to be in writing, to state the amount and number of days' labor, and the time when the labor was performed for which the claim is made, and the name of the contractor from whom due, and shall be signed by such laborer or his attorney, and be served on an engineer, agent or superintendent employed by the company having charge of the section of the road on which such labor is performed. Now, here the notice was in writing, signed by the laborer, given to the engineer and superintendent of the section of the road on which the work was done, stating the time when it was done, and the

number of days' labor, and the price. Now, although the law permits no more than thirty days' labor thus to be enforced as a lien, and two of these notices were for claims exceeding thirty days, by a small amount, yet the petition was so amended on the trial as to fix the period of time not exceeding thirty days. We think the notices were sufficient. It does not require certainty beyond that of a common intent. In our opinion, the thirty days' labor need not be thirty consecutive days, unbroken by a day or a week even. But there can not be more than the labor of thirty days allowed as a lien against the company; yet there may have elapsed fifty days in which the labor of thirty may have been performed. We think there is nothing in the omitting of the full name of the corporation. "The Iron Mountain Railroad Company" fully designated the road, the corporation. Upon the whole, then, we consider the notices sufficient.

As to the last point, that the laborers themselves should have sued, we also think that point must be ruled against the plaintiff in error. The finding of the court on this point is as follows : "The court finds that after the service of the said notices, the said Ernst Hain, Christian Eichhorn, Frederick Eger, Valentine Neuriber and John Behland, by their agents respectively, who had the authority for that purpose, assigned or transferred to the plaintiff all their right, title and interest of, in and to their said demands respectively. Their claims were transferred to the plaintiff that he might collect them, either by suit in his own name or otherwise ; and for his services he was to receive twenty-five per cent. of the amount collected, and the remainder he was to pay over to the respective claimants. The plaintiff (Peters) was to pay all costs and charges which might accrue in the collections of said claims, or in their attempted collection." We are satisfied that the plaintiff below could sue in his own name on these accounts under our new code. (Grinell et al. v. Schmidt et al., 3 Code Rep. 19 ; Walker v. Manor, 18 Mo. 564 ; Webb & Zepp v. Morgan, McClung & Co. 14 Mo. 428.)

38 — VOL. XXIV.

Upon the whole record, we think the court below committed no error. The judgment is therefore affirmed, with the concurrence of the other judges.