## REDMOND VS. THE GALENA & SOUTHERN WISCONSIN RAILWAY COMPANY.

JUSTICE'S COURT.  (1) *Jurisdiction of statutory action against railroad company, for work in building road.*
RAILROAD COMPANY.  (2) *Liable in statutory action to employees of subcontractor in the second degree; (3) although nothing then due such contractor.*

1. Under sec. 10, ch. 119 of 1872, as amended by sec. 1, ch. 246 of 1873, the relation of a railroad company to a person employed by its contractor to perform work in the construction of its road, is that of a guarantor (upon certain conditions specified in the statute) of payment for such work by such contractor (*Streubel v. Railway Co.*, 12 Wis., 67); and the employee's action against the company, as one " growing out of contract," may be brought *in justice's court*, for an amount not exceeding the justice's jurisdiction.  R. S., ch. 120, sec. 5, subd. 1.
2. The term " contractor," in said act, includes subcontractors in the *second degree*, as well as those who contract directly with the company.
3. As the statute peremptorily requires the action to be brought within fifty days after the labor is performed, it is immaterial whether at the commencement of the action there is anything yet due from the company to its contractor, or not.

APPEAL from the Circuit Court for *Grant* County.

The action was brought before a justice of the peace, pursuant to sec. 10, ch. 119, Laws of 1872, as amended by sec. 1, ch. 246, Laws of 1873, to recover for work done by the plaintiff in the construction of the .defendant's railroad.  The plaintiff was employed to perform such work by a subcontractor in the second degree from the defendant company, and not by the person who contracted directly with the company to construct such railroad.  Notice was given to the company, and the action was commenced, within the times limited therefor in the above statutes.  When the action was commenced, nothing was due from the company to any contractor or subcontractor on account of the plaintiff's work; but the price of

such work was due the plaintiff from his immediate employer. The cause was duly appealed from the justice, and a trial thereof in the circuit court resulted in a verdict and judgment for the plaintiff for the price of his work. That court denied a motion to dismiss the action, and held that the justice had jurisdiction thereof, and that the plaintiff's employer was a *contractor*, within the meaning of the above statutes. The court also instructed the jury, in substance, that it was immaterial whether, when the action was brought, the money sued for was due from the defendant to the contractor, the only material inquiry being, whether it was due from the latter to the plaintiff.

The defendant appealed from the judgment against it, and assigns for error, 1. The refusal of the circuit court to dismiss the action for want of jurisdiction in the justice; 2. Its refusal to dismiss the action on the ground that the plaintiff's employer was not a *contractor* within the meaning of the above statutes; and 3. The giving of the above instruction.*

---

* Sec. 10, ch. 119, Laws of 1872, as amended by ch. 246, Laws of 1873, is as follows: "As often as any contractor for the construction of any part of a railroad which is in progress of construction, shall be indebted to any laborer for thirty or any less number of days labor performed in constructing said road, either for manual or team labor or both, including team and driver, such laborer may give notice of such indebtedness to said company in the manner herein provided; and said company shall thereupon become liable to pay such laborer the amount so due him for such labor, and an action may be maintained against said company therefor. Such notice shall be given by said laborer to said company within twenty days after the performance of the number of days labor for which the claim is made. Such notice shall be in writing, and shall state the amount and number of days labor, and the time when the same was performed, for which the claim is made, and the name of the contractor from whom due, and shall be signed by such laborer or his attorney, and shall be served on an engineer, agent or superintendent employed by said company, having the charge of the section of road on which such labor was performed, personally, or by leaving the same at the office or usual place of business of such agent, engineer or superintendent, with some person of suitable age. But no action shall be maintained against any company under the provisions of this section, unless the same is commenced within thirty days

Redmond vs. The Galena & Southern Wisconsin Railway Company.

The cause was submitted on briefs.

*Wm. E. & Geo. B. Carter,* for appellants:

1. The jurisdiction of a justice is limited strictly by statute (*Cox v. Groshong,* 1 Pin., 307; *Jones v. Reed,* 1 Johns. Cas., 20; 1 Caines, 594; *Wells v. Newkirk,* 1 Johns. Ch., 228; *Way v. Carey,* 1 Caines' Cas., 191); and this action, if within a justice's jurisdiction at all, must be so by virtue of subd. 1, sec. 5, ch. 120, R. S., as an action arising out of contract. A contract imports an agreement, either express or implied, between the parties to it. 1 Parsons on Con., 6; 1 Burr. Law Dic., "Contract" and "Agreement;" 2 Steph. Com., 108–110; 2 Black. Com., 442–3; 3 id., 158; 2 Kent's Com., 449; 4 Wheat., 122, 197; 6 Cranch, 87, 136; 11 Peters, 420, 572; Story on Con., § 1; Ency. Am.; Webster; Chitty on Con., 1, 16; *Hodson v. Carter,* 3 Chand., 234. Its essence is mutuality. It must be voluntary. 3 Burr., 1545; 1 Cow., 316; 1 Mason, 288; 1 Parsons on Con., 6; *Pelham v. The State,* 30 Tex., 422. This case is analogous to those of judgments, taxation and other obligations or liabilities imposed or created by law, or otherwise than by the voluntary acts of the parties themselves. But even if a contract in any sense, it is not such within the ordinary meaning of that word, or as intended by the statute in question; and the jurisdiction will not be extended by implication. *Noss v. Cord,* 1 Wis., 389; *Myer v. Gleisner,* 7 id., 55. The language of the court in *Streubel v. M. & M. R. R. Co.,* must be understood as referring to the subject under discussion, viz.: the distinction between that and a penal action, and is not decisive of this case. 2. The word "contractor" should not be extended so as to include a subcontractor. The practical result of such a rule would be to make the railroad company liable to pay the wages of workmen in the rolling mills, and smelting furnaces and mines

after notice is given to the company by said laborer, as above provided: *provided,* that nothing in this act contained shall be construed to extend to or effect in any manner, any actions now pending in this state."

where the iron is obtained for its track and rolling stock, and of other laborers in the various departments which contribute to those objects. Such a construction should not be allowed, and the case of *Mundt v. S. & F. R. R. Co.*, 31 Wis., 451, should be reconsidered. 3. Is it competent for the legislature to change the contract which may have been entered into between the railroad company and its contractor respecting the time of payment, and authorize suit to be brought by workmen under the contractor, at a time when no payment from the company to the contractor himself has yet matured?

*A. W. Bell*, for respondent, argued that this was an action arising or growing out of contract. *Streubel v. Railroad Co.*, 12 Wis., 67; *Smith v. City of Appleton*, 19 id., 468; *Mundt v. S. & F. R. R. Co.*, 31 id., 459; *Smith v. Cleveland*, 17 id., 556; *Hasbrouck v. Milwaukee*, 25 id., 135; *Hodson v. Carter*, 3 Pin., 216. To the point that the term "contractor," as employed in the statute, is a generic term, including subcontractors, he cited *Mundt v. S. & F. R. R. Co., supra; Kent v. R. R. Co.*, 2 Kern., 628; *Branin v. R. R. Co.*, 31 Vt., 214; *McClusky v. Cromwell*, 1 Kern., 601; *Warner v. Hudson River R. R. Co.*, 5 How., 454; arguing that less regard was to be paid to the letter of the statute than its policy, and that implication might be called in to aid such intent; that the question of the liability of the company to miners and iron puddlers does not arise in this case; that if a construction leads to absurd consequences, or renders the statute a nullity, some exception or qualification will be presumed; and that the statute is a remedial one, and should be liberally construed to advance the remedy and repress the mischief. Smith on Stats., 515, 518, 701, 710; Potter's Dwarris, 144, 179, 208, 209, 231, 237; 1 Barn. & Cress., 123; 1 A. & E., 176; 6 Cranch, 314, 323; 6 How. (U. S.), 565; 3 id., 565; *Commonwealth v. Kimball*, 24 Pick., 370; 2 M. & W., 471; *Russell v. Wheeler*, Hemp., 3; 15 Johns., 358; 1 Kent, 464–5; 43 Barb., 200; *Magdalen Col-*

*lege case*, 11 Co., 71 b.   Counsel further contended that the plaintiff's right of action was fixed by his own contract, and did not depend upon the time of payment under the contract between the company and its immediate contractor. 32 Wis., 549; 12 id., 67; 31 id., 451.

LYON, J.   1.  The learned counsel for the defendant contend that a justice of the peace has no jurisdiction of the action. We agree with counsel that unless the action arises or grows out of contract, express or implied, the position is well taken. R. S., ch. 120, sec. 5.   But we are of the opinion that a contract relation exists between the parties in respect to the labor performed by the plaintiff in the construction of the defendant's railroad.   The law places the company in the position of surety that the plaintiff's employer will pay him for his work, and renders the company absolutely liable to pay therefor, if certain conditions specified in the statute are complied with. The relation of the company to the plaintiff is the same as though the company had executed a written guaranty, in due form, to the same effect.   It was so held in *Streubel v. The M. & M. R'y Co.*, 12 Wis., 67.   What was said on this subject in that case is not *obiter dictum*, as counsel seem to think, but relates to and determines the very point upon which the case turned, and is authority upon the question under consideration.   We conclude that the first alleged error is not well assigned.

2.   The question presented by the second assignment of error is ruled against the defendant in the case of *Mundt v. The Sheboygan & Fond du Lac R. R. Co.*, 31 Wis., 451, where it was held that the act of 1857 (ch. 27) made the railway company liable for the work done for a subcontractor, although the act only specifies claims for labor "against any person being contractor on such railroad *with the railroad company.*" Tay. Stats., 1051, § 57.   In the law under which this action was brought, and which was enacted several months

after *Mundt v. The Railway Co.* was decided, the words "with the railroad company" are omitted. This change of phraseology accords with that decision, and leaves little room to doubt (were it doubtful before) that the legislature intended to protect employees of subcontractors, as well as the employees of those who contracted directly with the company. Indeed our observations convince us that, of the two classes of laborers, the employees of subcontractors stand most in need of the protection of the statute.

3. The statute requires that the notice of indebtedness therein mentioned shall be given within twenty days after the labor is performed, and the action commenced within thirty days after such notice has been given. Hence the action must be commenced within fifty days after the work is done. If the laborer cannot maintain an action against the railroad company for his wages until the price of the work becomes due to the contractor under the agreement between the latter and the company, it would be very easy for the company and contractor so to frame their agreement as to deprive the laborer of the security which the legislature evidently intended to give him. Should such agreement give the company ninety days credit after the work is done, for the price of the work, that result would follow. . It is manifest that the legislature never intended any such result, and the law ought not to receive a construction which would deprive it of value. We think the jury were correctly instructed.

*By the Court.* — The judgment of the circuit court is affirmed.