### D. L. WELLS & CO. v. CHARLES MEHL.

LABORERS ON RAILROADS; *Statute Construed.* The liability of the obligors on a bond given by a contractor with a railroad company for the construction of its road, under § 35, ch. 84, Comp. Laws 1879, p. 785, (Laws 1872, p. 286,) does not extend to an account for provisions furnished to the laborers employed by a sub-contractor upon the order of such sub-contractor. Such an account is not for provisions supplied to the contractor within the terms of the statute.

### *Error from Marion District Court.*

ACTION brought by *Mehl* against *D. L. Wells & Co.,* upon an account for beef. Trial at the October Term, 1880, of the district court, and judgment for the plaintiff for $488.28 and costs. The defendants bring the case to this court. The opinion states the facts.

*Frank Doster,* for plaintiffs in error.

*L. F. Keller,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: D. L. Wells & Co. were the contractors for the construction of the Marion & McPherson railroad; Selden & Kelley were sub-contractors under them for laying the track; Brown & Howell kept a boarding train for boarding the men engaged in track-laying. The defendant in error (plaintiff below) furnished meat for use on the boarding train. Wells & Co. had given a bond under § 35, ch. 84, Comp. Laws 1879, to protect laborers, etc. This action was on that bond.

An important question is as to the scope of that bond. It was conditioned as required by the act to "pay all laborers, mechanics and material-men, and persons who supply such contractor with provisions or goods of any kind, all just debts due to such persons, or to any person to whom any part of such work is given, incurred in carrying on such work." These supplies were furnished to and under a contract with a sub-contractor; at least, part of the testimony tends to prove

this. Does the contractor's bond render him liable for such supplies? Counsel for plaintiffs in error thus analyzes this bond: "The bond required by the act above quoted, and upon which defendant in error sues, is 'conditioned that such persons (D. L. Wells & Co.) shall pay all laborers, mechanics and material-men (none of which the defendant in error was) and persons who supply such contractor (D. L. Wells & Co.) with provisions or goods of any kind, (under contracts therefor, or under circumstances which estop them from denying liability,) all just debts due to such persons, (laborers, mechanics, material-men and persons who have supplied them with provisions, etc.,) or to any person to whom any part of such work is given (sub-contractors.)'"

We think this analysis correct, so far as the question in this case is concerned. Defendant in error was not a laborer, mechanic, or material-man; he was one who supplied provisions. The words describing such persons form a separate clause, are by themselves a complete *descriptio personarum.* They are "persons who supply such *contractor.*" Now provisions furnished a sub-contractor are not supplied to the contractor any more than provisions furnished the several laborers and mechanics employed on the road. And it would be strange if the contractor could be charged with all the provisions and meats furnished to every man engaged in the construction of the road. This may be a remedial statute, as counsel urges, but it is a statute imposing an additional liability, and under which it is sought to hold a party liable for a debt he never contracted. Such a statute should never be extended beyond the fair import of its terms. (*M. K. & T. Rly. Co. v. Baker,* 14 Kas. 563.) The bond binds the contractor to pay for all labor done upon and materials used in the construction of the road, so far as his contract with the company calls for labor and materials, no matter how many sub-contracts therefor may be made. In this respect, it is a *quasi* mechanic's-lien law, the lien being upon the bond instead of upon the road. Beyond this, the bond is held for all provisions and goods furnished upon his personal

direction for use, and used by laborers and mechanics while at work in the performance of his contract with the company. In other words, when it is sought to extend the bond beyond that which enters into and forms a part of the road, there must be, outside and independent of the bond, a personal liability of the contractor. This is the clear import of the language, and the liability should not be extended beyond it.

The cases cited by counsel for defendant in error, *Kent v. N. Y. Cent. Rld. Co.*, 12 N. Y. 628; *Mundt v. Sheboygan Rld. Co.*, 31 Wis. 451; *Redmond v. G. & S. Wis. Rld. Co.*, 39 Wis. 426; *Peters v. St. L. & I. M. Rld. Co.*, 24 Mo. 586, are not, when carefully examined, in conflict with this. In the first, the question arose between a laborer and the railroad company as to its liability for his work done on the road, he working under a sub-contractor, and the court held that the term "contractor" in a statute which read, "any contractor for the construction of any part of a railroad," was general, and included all contractors, whether the principal or those to whom he had sub-let. Here a contractor, obligor in a bond, binds himself to pay for all supplies furnished to "such contractor." Do these words in the condition of the bond mean any one other than the obligor? That is the question in this case. The other authorities are similar.

That the district court ruled differently as to the scope and extent of the liability on this bond, is evident both from the instructions given as well as those refused. For this error the judgment must be reversed. We express no opinion upon the disputed question of fact as to whether Wells & Co. did themselves contract with Mehl for this meat. If they did, of course they are liable.

So much of the testimony objected to as related not to plaintiff's prior personal dealings with defendants, but the dealings of other parties with defendants, would seem to be objectionable under the ruling in *Lobenstein v. Pritchett*, 8 Kas. 213.

The judgment will be reversed, and a new trial ordered.

All the Justices concurring.