ELIAS D. FREEMAN *vs.* PETER BERKEY, impleaded, etc.

February 27, 1891.

City of St. Paul — Bond of Partnership Contractors — Liability of
    Sureties for Materials Furnished Either Contractor after Disso-
    lution.—Certain parties, defendants in this action, became sureties upon
    a bond executed to the city of St. Paul, in pursuance of its charter, to
    secure the payment by the principals in the bond of all claims for work
    performed and materials furnished for the latter in constructing a public
    improvement under their contract with the city.   The plaintiff furnished
    certain materials, under an agreement with such contractors, who were
    a partnership firm, used in the fulfilment of their contract with the city.
    *Held*, that the dissolution of their partnership by the principals in the
    bond to the city in no way affected plaintiff's rights under his con-

tract with them or under the bond, to recover for the materials actually furnished under his contract, and used by either of the contractors in fulfilling their contract with the city.

Appeal by defendant Berkey, one of the sureties in the bond considered in the opinion, from an order of the district court for Ramsey county, refusing a new trial after a trial by *Brill,* J., (a jury being waived,) and judgment of $1,681.51 ordered for plaintiff.

*Berryhill & Davison,* for appellant.

*O. M. Metcalf* and *H. C. James,* for respondents.

VANDERBURGH, J. This action is brought against the defendants Berkey and others upon a contractor's bond by them made and executed to the city of St. Paul, in pursuance of section 213, p. 110, of the city charter, (Sp. Laws 1881, c. 93, § 9,) to secure the payment by Murray & Folsom, principals in the bond, of all claims for work performed and materials furnished for and on account of a certain contract entered into by them with the city of St. Paul for paving and curbing a certain street in that city. The charter provision referred to secures a right of action to third persons upon such bond for work and materials furnished to the contractors under their contract with the city. *City of St. Paul* v. *Butler,* 30 Minn. 459, (16 N. W. Rep. 362.) It is found, upon sufficient evidence to uphold the finding, that the plaintiff contracted with Murray & Folsom to furnish and deliver to them a certain amount of granite curb-stone, for the purpose of curbing the street referred to in the contract with the city, and required by them under such contract, at a price specifically agreed upon between the parties, this plaintiff and Murray & Folsom, and that, in pursuance of such agreement, the plaintiff did furnish and deliver to them curbing amounting in all, at the price agreed on, to the sum of $1,926.50. The curb was so contracted to be furnished after the execution of the contract and bond with the city as above mentioned, which were dated September 13, 1887. The material in question here was all furnished before July 24, 1888. After plaintiff's agreement was entered into with Murray & Folsom, as above stated, and on the 19th day of October, 1887, the defendant Folsom assigned his interest in the contract with the city to his partner,

Murray, who agreed with him to fulfil the same according to its terms. It is further found that after the plaintiff had undertaken to furnish the stone under his agreement with Murray & Folsom, and on or about November, 1887, the plaintiff was informed that the co-partnership between the defendants Murray & Folsom had been dissolved, and that the defendant Murray had agreed and undertaken to complete their contract. It is further found that there remains due to the plaintiff, for the stone furnished to the contractors named, the balance claimed in the complaint, for which judgment was ordered for plaintiff. The principal defences attempted to be raised by the answer in this case are (1) payment in full to plaintiff for the curbing furnished by him under the contract, and (2) that the stone was furnished to the defendant Murray, and not to the firm of Murray & Folsom. As to the first defence, the court made no finding, but the omission is not assigned as error, and will not be considered here, though we may say that there was evidence tending to show that the payments relied on by the defendant were applied on another contract. And the second is not sustained by the findings. The stone was furnished under the contract with the firm, and applied upon the contract with the city. A change in the relations between the partners merely did not affect plaintiff, to whom both were bound by the contracts already made, and a delivery to one, and performance by one, would satisfy the terms of the contract as to both parties. As to the plaintiff and the city, Folsom's obligation continued, irrespective of the dissolution.

Order affirmed.