JOHN S. SEPP *vs.* FRANK P. McCANN and others.

November 19, 1891.

City of St. Paul—Contractor's Bond—Laborers under Subcontractor.
A certain bond to the city of St. Paul, executed upon taking a contract to do public work, *held* good, under Sp. Laws 1889, *c.* 360, and to inure to the benefit of laborers working for a subcontractor.

Same—Assignment of Laborer's Claim.—A cause of action on such a bond is assignable, and passes upon an assignment of the claim for the labor.

Same—Action—Parties.—The city is not a necessary party to an action on such a bond.

Appeal by defendant John Silk, impleaded with Frank P. McCann, Timothy Sweeney, Andrew Doyle, and Michael F. Sweeney, from an order of the district court for Ramsey county, *Otis*, J., presiding, overruling his demurrer to the complaint in an action on the bond considered in the opinion.

*Thompson & Taylor* and *Charles H. Taylor*, for appellant.

*Young & Lightner*, for respondent.

GILFILLAN, C. J. The city of St. Paul let a contract for doing certain public work to one Timothy Sweeney. He sublet a part of the work to McCann, and the assignors of plaintiff rendered services as laborers for McCann, upon and in the execution of the part of the work so sublet to McCann. Upon the execution of the contract between the city and Sweeney, he as principal, and the defendants Silk, Doyle, and Michael F. Sweeney as sureties, executed a bond in which they bound themselves in the sum of $18,300 to the city, "to be paid the city of St. Paul for the use of all persons who may perform any work or labor, or furnish any skill or materials, to the above-bounden Timothy Sweeney, pursuant to the hereinafter named contract." It then recites the execution of the contract between the city and Sweeney, and contains the condition required by Sp. Laws 1889, *c.* 360, providing for bonds to be executed by persons taking contracts to do work for the city, to wit, "that if the above-bounden Timothy Sweeney shall pay, as they become due, all just claims for all work and labor performed, and all skill and material furnished, in the execution of said contract, and to comply with all the requirements of the charter of said city and the amendments thereto, and with all the provisions of" said law, referring to it by its title, then the obligation to be void. The bond shows on its face that it was executed under and pursuant to the provisions of said chapter 360. The act provides that any person who shall perform, or cause to be performed, any work or labor, or furnish, or cause to be furnished, any skill or material, etc., in the execution of the contract, at the request of the contractor or any subcontractor, may bring an action in his own name on the bond.

But it is contended that this is not a good statutory bond, so as to enable any but those who performed work or labor, or furnished any skill or material, directly for or to Sweeney, to sue upon it; and that those who performed work or labor, or furnished skill or material, for or to a subcontractor, are not entitled to its benefit, because of the words, "to be paid the city of St. Paul for the use of all persons who may perform any work or labor, or furnish any skill or materials, to the above-bounden Timothy Sweeney." These words, it is argued, limit the benefit of the bond to those who perform

labor, or furnish skill or material, directly and immediately for or to Sweeney, in the relation of employer and employe or purchaser and seller.

The bond must be read in connection with the statute pursuant to which it purports to have been executed. We do not mean by this that the statute may override the clearly expressed intentions of the parties, so as to import into the bond obligations or conditions other than were intended. But, as the bond was executed to comply with the statute, the two may be read together, and the language of the bond, if capable of such construction, be construed in accordance with the statute. Now, as the statute intends the bond to be security for all who contribute to the performance of the contractor's contract with the city, and not merely for those who work for him as immediate employer, or furnish material to him as immediate purchaser, its benefit is not to be limited to the latter class, unless its terms clearly show that intention. The language, "for the use of all persons who may perform any work or labor, or furnish any skill or materials, to the above-bounden Timothy Sweeney, pursuant to the hereinafter named contract," does not clearly show it. When read in view of the purpose of the bond, it shows the obligation was intended for the benefit of those who performed labor, or furnished skill or material, pursuant to his contract, in performance of it, if done by his authority, whether directly to him, or indirectly through a subcontractor. As between him and the city, the work done and material furnished would be his whether he did and furnished them directly, or caused them to be done or furnished through subcontractors. The bond is a good statutory bond, and inured to the benefit of plaintiff's assignors.

The city is not a necessary party to an action on the bond, as by the express terms of the statute any party for whom the bond is security may sue on it in his own name.

The bond required by the statute is for the security of all who perform labor or furnish skill or material in performing the contractor's contract with the city. It is a general rule that all securities for a debt pass as incidents to it, upon an assignment of it, unless the contrary intention appear. We are not cited to any authorities

to show, and we are unable to see, that such a security as this bond does not come under that rule. There can be no question that a cause of action on such a bond is assignable.

Order affirmed.