[No. 1087.   Decided November 15, 1893.]

CHARLES F. CLOUGH AND JAY P. GRAVES, *Appellants*, v. THE CITY OF SPOKANE, *Respondent*.

MUNICIPAL CORPORATIONS — STREET GRADING CONTRACT — BOND FOR PROTECTION OF LABORERS AND MATERIAL MEN.

Section 2415, Gen. Stat.. requiring municipal corporations to take a bond from contractors doing work or making improvements for such corporation conditioned for the payment of all laborers, mechanics, material men and others employed thereon by such contractors, is not applicable to a street grading contract.   (DUNBAR, C. J., and SCOTT, J., dissent).

*Appeal from Superior Court, Spokane County.*

*Turner, Graves & McKinstry*, for appellants.

*James Dawson*, and *Jones, Belt & Quinn*, for respondent.

The opinion of the court was delivered by

ANDERS, J.— On April 16, 1892, the firm of Patchen Brothers entered into a contract with the city of Spokane

by which they agreed to grub, clear, grade, curb and gutter Hilliard street in said city, between the south line of Sprague avenue and the center line of North avenue, according to the established grade, and according to the plans and specifications therefor on file with the board of public works, and by which the city agreed to pay them therefor the sum of $22,220.

In accordance with the provisions of an act of the legislature, approved January 31, 1888 (Laws 1887-8, p. 15; §§ 2415-2417, Gen. Stat.), the city took from said Patchen Brothers a bond conditioned to pay laborers, mechanics, material men, etc., all just debts due to them, incurred in carrying on said work. The said contractors became indebted to sixty different individuals for labor performed by them on said street, which debts were incurred by said contractors in carrying out their agreement with the city. These several debts were evidenced by "time checks" issued by the contractors, specifying the number of days' labor performed by, and the amount due to, the respective persons to whom they were delivered. The checks and the accounts represented thereby were assigned to the plaintiffs, and not having been paid by said contractors, this action was brought against the city to recover the aggregate amount thereof. It is alleged in the complaint that the pretended bond given by the contractors to the city, a copy of which is set out, was invalid because it was not such a bond as the statute requires, and that, even had it been such, the sureties therein mentioned were discharged by reason of the action of the defendant and said Patchen Brothers in altering their said contract in a material part thereof (by extending time of performance) after its execution, without the consent of said sureties, and that the said sureties refused to pay anything, on account of said bond, to the plaintiffs. To the complaint the defendant interposed a demurrer, which was sustained by the court, and

plaintiffs electing to stand upon their complaint as filed, judgment was rendered against them.

The appellants, assuming that the law above mentioned is applicable to this case, earnestly urge that the respondent city is liable in this action for the reasons — (1) That the bond set out in the complaint is not such as required by the statute; and (2), that if it is, the sureties are released by reason of the change of the contract between it and Patchen Brothers, alleged in the complaint. These propositions are ably and forcibly argued by counsel for appellants, in their brief; but, if the position of the respondent, that the statute in question has no application to such cases as this, and that the city was not compelled or required to take any bond at all, for its protection, be tenable, then it becomes immaterial, so far as this case is concerned, whether or not the bond is obnoxious to the objections urged against it; for, in that event, the judgment of the lower court must be affirmed.

We will, therefore, first direct our attention to this vital question. The section of the statute (2415) which requires municipal corporations to take bonds from contractors who undertake to do work or make improvements for such corporations, reads as follows:

"Whenever the board of county commissioners of any county of this state, or the mayor and common council of any incorporated city or town, or the tribunal transacting the business of any municipal corporation, shall contract with any person or persons to do any work of any character which, if performed for an individual, a right of lien would exist under the law, or make any improvement for such county, incorporated city or town, or other municipal corporation, such board of county commissioners or mayor and common council of any incorporated town or city, or tribunal transacting the business of any other municipal corporation, shall take from the person with whom such contract is made a good and sufficient bond, with two or

more sureties, who·shall justify as bail upon arrest, which bond shall be conditioned that such person shall pay all laborers, mechanics and material men, and persons who shall supply such contractor with provisions or goods of any kind, all just debts due to such persons or to any person to whom any part of such work is given, incurred in carrying on such work; which bond shall be filed by such board, or mayor and common council or other tribunal, in the office of the county auditor, in the county where such work is to be performed or improvement made."

· It will be seen from an inspection of this section that the liability of the city depends upon the question whether the legislature intended to require municipal corporations to take bonds for the benefit of laborers, mechanics and material men from contractors who agree to make improvements for them, in cases where no lien would exist under the law, if such persons had performed labor or furnished material to an individual making such improvements.

It is insisted by the learned counsel for the appellants that the language used by the legislature is so plain and unambiguous that it admits of no other than a literal interpretation, and, so interpreted, required the city, in this instance, to take such a bond as the statute prescribes, and that, having failed to do so, an original liability arose from it to the laborers by force of § 2416.   On the other hand, it is contended that the object and purpose of the legislature, in enacting the statute, was to place persons performing labor inuring to the benefit of public corporations on the same footing, as far as possible, with those performing like services for individuals, and that this object and purpose is fairly expressed by the language employed.   And we are inclined to adopt this view, for it is evident that the lawmakers had in mind the general lien law, and undertook to enact a new and equally liberal statute in favor of those persons who could not claim the benefit of existing

laws by reason of the public character of the structures or improvements upon which they might perform labor or for which they might furnish material.

There can be no doubt that the legislature has unmistakably declared that municipalities shall take bonds whenever they shall contract with any person or persons to do any work of any character, "which, if performed for an individual, a right of lien would exist under the law," but it is strongly urged on behalf of appellants that when they "make any improvement," a bond should be taken whether a lien would or would not exist under the law if the labor performed thereon were done for an individual. In other words, the contention is that the clause "or make any improvement" is not qualified or limited by the clause "which, if performed for an individual, a right of lien would exist under the law," but refers to a distinct class of employment for which municipalities must, at their peril, take such a bond as the statute prescribed. We think, however, that it sufficiently appears from a consideration of the object and purpose of the enactment, the evil to be remedied and the language used, that the framers of the law intended to require bonds only in cases where a lien would attach under the law if the labor were performed or the material furnished for an individual. And as no one could have a lien under the law ( § 1663, Gen. Stat.) for labor performed upon a street, for an individual, it follows that § 2415 is not applicable to a street grading contract, and that no bond from the contractors was necessary.

The judgment of the lower court is affirmed.

HOYT and STILES, JJ., concur.

DUNBAR, C. J.—I agree with the construction of the statute contended for by the appellant, and, therefore, dissent.

SCOTT, J. (*dissenting*).— The construction of the statute aforesaid is attended with some degree of difficulty. Under the one adopted, the words "or make any improvement" would seem to serve no purpose. On the other hand, if these words were to be given force, the prior clause would probably be useless, as it would be hard to conceive of any work performed for an individual for which a right of lien exists which would not come under the designation of "improvement;" consequently one or the other of said clauses is apparently useless. But even under the construction adopted by the majority, I think work of the character of that in question should be held to be within its provisions. The statute (§ 1664, Gen. Stat.) provides that—

"Any person who, at the request of the owner of any lot in any incorporated city or town, grades, fills in, or otherwise improves the same or the street in front of or adjoining the same, has a lien upon such lot for his work done and material furnished."

Now, under such circumstances, a right of lien does exist for work performed in grading a street. It is true the lien does not attach upon the street; it would be impracticable for the law to give this; but it provides where such grading is done at the instance of an adjoining owner, that the lien shall obtain upon his adjoining land. The law went as far as it could go in the way of giving a lien, and as there may be a lien in such cases for work performed in the grading of a street, the substituted right should obtain in all cases where the work is performed under a contract with the municipal authorities, and where the law provides in effect that the bond shall take the place of the property. There certainly would be no good reason for drawing any distinction in such matters with regard to improvements undertaken by a corporation, for by requiring a bond to be taken all difficulty as to giving or enforcing liens is removed.

This law is, in its nature, remedial, and should be liberally construed as to embracing work or classes of work within its operation. In fact, the general tendency with reference to lien laws as affecting individuals is to enlarge them, and to make them operative wherever practicable; and it seems reasonable that the legislature in this instance, by adding the additional clause, "or make any improvement," was desirous of extending its operation. But, be this as it may, it strikes me that this particular work was fairly included within said statute under the construction given it by the majority.

I also think the other points raised should be determined in favor of the appellants, and the judgment reversed.