### ISAAC PERSHING *vs.* ALBERT SWENSON *et al.*

Argued July 16, 1894. Reversed July 20, 1894.

No. 8854.

**Words in a contract held merely descriptive of the person.**
> Application of the rule that words such as "manager," "agent," etc., appended to the name of a party to a contract, are *descriptio personæ.*

Appeal by plaintiff, Isaac Pershing, from an order of the Municipal Court of the City of Duluth, *Eric L. Winje*, J., made March 9, 1894, sustaining the demurrer of defendant, Albert Swenson, to the complaint.

Duluth City by its Board of Public Works duly made a contract October 31, 1892, with defendant, "Andrew G. Arnson, manager for the West Duluth Industrial Construction and Improvement Company," for the construction of a sanitary sewer in First alley between Twenty Second avenue west and Twenty Sixth avenue west, and agreed to pay therefor $6,820. On November 2, 1892, "Andrew G. Arnson, manager of the West Duluth Industrial Construction and Improvement Company, as principal, and Albert Swenson and N. C. Hendricks, as sureties," entered into a bond to the City of Duluth in the penal sum of $2,300 conditioned that if "Andrew G. Arnson, manager for the West Duluth Industrial Construction and Improvement Company," should perform this contract and also pay all just claims for labor performed or material furnished, then it should be void, otherwise of force.

It was signed, "Andrew G. Arnson (seal), Manager West Duluth Ind. Const. and Imp. Co. Albert Swenson (seal). N. C. Hendricks (seal)."

Workmen were not paid and fifteen of them assigned their claims to plaintiff and he brought this action on the bond under the statute amending the city charter, Sp. Laws 1891, ch. 35, § 15, against Andrew G. Arnson, Albert Swenson, N. C. Hendricks, and the West Duluth Industrial Construction and-Improvement Company, defendants, to recover $232.18 due them for labor on the work and attached to the complaint a copy of the bond. Swenson demurred on the ground

that the complaint does not state facts sufficient to constitute a cause of action. The court sustained the demurrer and plaintiff appeals.

*W. R. Spencer,* for appellant.

This is the bond of Andrew G. Arnson, as principal, and Hendricks and Swenson, as sureties. The words "Manager West Duluth Ind. Const. and Imp. Co." are merely *descriptio personæ.* There is nothing in the bond to indicate that it is made by, for or on behalf of the company. Arnson binds himself, his heirs, executors and administrators that he will well and truly keep and perform all of the terms and conditions of said contract on his part to be kept and performed by him. Mechem Agency, §§ 419, 421, and cases cited; *Taft* v. *Brewster,* 9 Johns. 333; *Fullam* v. *West Brookfield,* 9 Allen 1; *Dayton* v. *Warne,* 43 N. J. Law 659; *Simonds* v. *Heard,* 23 Pick. 120; *Mills* v. *Hunt,* 20 Wend. 431; *Waring* v. *Mason,* 18 Wend. 425; *Stainer* v. *Kirkpatrick,* 22 Wend. 244; *Taintor* v. *Prendergast,* 3 Hill 72.

*Charles F. Hopkins,* for respondent.

It was the West Duluth Industrial Construction and Improvement Company which made the contract to put in the sewer and that in fact did put it in. But the bond is the bond of Arnson. As the contractor is not a party to the bond, the sureties are not its sureties and are not liable for its default. The bondsmen of the agent cannot be charged unless the agent himself is charged. The agent is not charged because the failure to pay these workmen was not his default but the default of his principal. There is no allegation in the complaint that the defendant company was a subcontractor, or held any relation to Arnson except that of principal. If the company has defaulted, what is that to Arnson's bondsmen? Respondent Swenson is not responsible for debts of the company unless it is shown in the complaint that he executed the bond to pay the debts of said company. But nothing of the kind is shown.

GILFILLAN, C. J. The board of public works of the city of Duluth advertised for bids to do the work of a certain improvement. Defendant Arnson made the accepted bid as Andrew G. Arnson, "manager for the West Duluth Industrial and Improvement Co." The

city made a contract with him, described in the same manner. A bond was then, as required by law, executed to the city by Andrew G. Arnson, "Manager for the West Duluth Industrial Construction and Improvement Co.," as principal, and the defendants Swenson and Hendricks as sureties, conditioned that Arnson, "manager," etc., should keep and perform all the conditions of the contract on his part, and pay all just claims for labor performed, etc., for or on account of the contract.

The action is for labor in performance of the contract, Arnson, Swenson, Hendricks, and the Construction and Improvement Company being made defendants.

The statute (Sp. Laws 1891, ch. 55, § 15), requires that the bond be executed by the parties making the proposals or entering into the contract and two sureties.

The objection to the action is that the contract is that of the Company while the bond is that of Arnson, and not of the Company, as principal, and the latter is therefore unauthorized.

The bid, the contract, and the bond are parts of the same transaction, and the description of Arnson in each of them, "manager for," etc., must have the same meaning. They are *descriptio personæ*, and the bid, contract, and bond were those of Arnson. The obligors in the bond would not be permitted to defeat the security and avoid their obligation, either as to the city or as to those who are to be supposed to have done their work on the faith of the instruments, by claiming one meaning and effect to the same descriptive words in the bid or contract and another in the bond.

It does not affect the claim of the plaintiff that the Company did the work required by the contract, so that it did it by authority of the contractor; nor does it matter in what capacity the Company did the work, whether as subcontractor or otherwise. The purpose of such a bond is to secure those who, by authority, direct or indirect, of the contractor, perform labor or furnish material pursuant to his contract and in performance of it. *Sepp* v. *McCann*, 47 Minn. 364, (50 N. W. 246.)

Order reversed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 1034.)