WILLIAM GILMORE, *Appellant*, v. ROBERT G. WESTER-
MAN *et al.*, *Respondents*.

CONSTRUCTION OF PUBLIC BRIDGES — BOND FOR PROTECTION OF MA-
TERIAL-MEN — RIGHT OF ACTION ·UNDER — ASSIGNMENT.

Persons who furnish material for public bridges, whether to the
original contractor or to a sub-contractor, are within the protection
of Gen. Stat., § 2415, providing that whenever the board of county
commissioners shall contract with any person to do work of a
character, which, if performed for an individual, a lien would exist,
it shall take a bond conditioned for the payment of all the laborers
and material-men.

A material-man's right of action on a bond given under Gen.
Stat., § 2415, is assignable.

The acceptance, without payment, of an order drawn upon the
contractor for a public work by a sub-contractor in favor of a ma-
terial-man, does not extinguish the latter's right of action upon the
contractor's bond given under Gen. Stat., § 2415.

Appeal from Superior Court, King County.—Hon.
RICHARD OSBORN, Judge.   Reversed.

*Frank Quinby*, and *Million & Houser*, for appellant.
*Stratton, Lewis & Gilman*, and *Carr & Preston*, for
respondents.

The opinion of the court was delivered by

ANDERS, J.—Briefly stated, the complaint in this
action alleges that on August 10, 1892, the defendants,
Westerman and Yeaton, entered into a contract with
Skagit county whereby they agreed to furnish all ma-
terials and labor and construct and erect a bridge
across the Skagit river at Mount Vernon in said
county; that at the time of entering into said con-
tract, and for the purpose of securing persons who
should perform labor upon, or assist in the construc-

tion of, said bridge, or furnish materials therefor, said defendants entered into a bond to the state of Washington, as provided by law, in the sum of $30,000, conditioned that the said Westerman & Yeaton should pay all laborers, mechanics, and material-men, and persons who should supply said Westerman & Yeaton with provisions or goods of any kind, and all just debts due to such persons, or to any person to whom any part of such work is given, and incurred in carrying on such work; that said Westerman & Yeaton entered into a contract with the firm of Bacon & Henderson whereby the latter agreed to furnish certain building materials, consisting of lumber and dimension timber, to be used in the construction of said bridge; that the Parker Lumber Company furnished, at the request of said Bacon & Henderson, and delivered to said Westerman & Yeaton, a large quantity of lumber and building materials and dimension timber, which was used by said Westerman & Yeaton in the construction of said bridge; that on February 25, 1893, there was due and owing said Parker Lumber Company on account of said materials so furnished the sum of $1,000; that on said day said Bacon & Henderson gave to said Parker Lumber Company an order on Westerman & Yeaton for the payment of said sum, which order was presented to, and duly accepted by, said Westerman & Yeaton, but was not paid by them; that thereafter, the said Parker Lumber Company, for value received, assigned and transferred to plaintiff said claim of $1,000 for said materials, and that the plaintiff is now the owner and holder thereof; that the contract for the construction of said bridge has been wholly completed, and said bridge has been accepted by Skagit county, and said Westerman & Yeaton have been paid by said county

for the same.   Plaintiff prays judgment against the defendants for said sum of $1,000, together with interest thereon, and their costs and disbursements herein.   To this complaint a general demurrer was interposed, which was sustained by the court, and the plaintiff declining to plead further, judgment was rendered dismissing the action.   The plaintiff appeals.

Section 2415 of the General Statutes, by virtue of which the bond sued on was required, provides that:

"Whenever the board of county commissioners of any county of this state.   .   .   .   shall contract with any person or persons to do any work of any character which, if performed for an individual, a right of lien would exist under the law,   .   .   .   such board of county commissioners   .   .   .   shall take from the person with whom such contract is made a good and sufficient bond, with two or more sureties, who shall justify as bail upon arrest, which bond shall be conditioned that such person shall pay all laborers, mechanics, and material-men, and persons who shall supply such contractor with provisions or goods of any kind, all just debts due to such persons or to any person to whom any part of such work is given, incurred in carrying on such work;   .   .   ."

And § 2417 declares that—

"The bond mentioned in section twenty-four hundred and fifteen of this volume of General Statutes shall be in an amount equal to the full contract price agreed to be paid for such work or improvement, and shall be to the State of Washington, and all such persons mentioned in said section twenty-four hundred and fifteen shall have a right of action in his, her, or their own name or names on such bond, for the full amount of all debts against such contract [contractors], or for work done by such laborers or mechanics, and for materials furnished or provisions and goods supplied and furnished in the prosecution of such work, or the making of such improvements."

It will be observed that the condition of the bond in suit is in exact conformity to the requirements of the statute, and the only question, therefore, to be determined is whether the appellant is entitled to the relief sought, upon the admitted facts of this case. The respondents contend that he is not for the reasons: (1) That there would have been no right of lien under the law, if the materials in question had been furnished for a private individual; (2) that, even if Bacon and Henderson were material-men, and would have had a right of lien in case the bridge had been built by a private individual, the Parker Lumber Company would not have had any such right, and (3) that, even although the Parker Lumber Company was entitled to sue upon the bond, its right was a personal one, and could not be assigned so that its assignee could maintain an action thereon in his own name. In support of the first proposition it is argued that inasmuch as the bridge for which appellant's assignor furnished material was a public bridge and a part of a public highway, there could not in any event, be either a right of lien, or a right of action on the bond, under the ruling of this court in *Clough v. Spokane,* 7 Wash. 279 (34 Pac. 934); *Sears v. Williams,* 9 Wash. 428 (37 Pac. 665).

That the statute was designed to protect laborers, mechanics, and material-men, who work upon and furnish material for public buildings, or structures, upon which liens might be claimed if the same belonged to private persons, seems evident from the language therein employed, but this court held, in the cases above mentioned, that laborers employed in grading public streets were not within its provisions. But, in § 1663 of the General Statutes, bridges are structures which are specially designated as subject to

mechanics' liens. And it being a well known fact that there may be private as well as public bridges, it requires no extended argument to prove that those who furnish material for public bridges are entitled to the benefits of the statute requiring a bond to be given by contractors who undertake to build them.

The next question is: Were appellant's assignors within the statute and entitled to sue on the bond? In our opinion, it can hardly be questioned that they were material-men. In fact, it seems to be conceded by the learned counsel for respondents that they might be considered such, but they insist that, if they were, they were material-men in the second degree only, and therefore neither contemplated by the statute nor secured by the bond. The bond, however, shows on its face that it was given to secure the payment of all just debts due materialmen, incurred in constructing this bridge. It is admitted that the material was furnished to the contractors, that it was used by them in constructing the bridge, and that they have not paid for it, and how, then, can it be successfully maintained that respondents would not have been liable therefor to the Parker Lumber Company? A similar question arose in Kansas in an action upon a bond given by contractors for the construction of a railroad, under a law of that state, and conditioned almost exactly like the bond here under consideration, and BREWER, J., said:

" The bond binds the contractor to pay for all labor done upon and materials used in the construction of the road, so far as his contract with the company calls for labor and materials, no matter how many sub-contracts therefor may be made. In this respect, it is a *quasi* mechanic's lien law, the lien being upon the bond instead of upon the road." *Wells v. Mehl,* 25 Kan. 205.

The same doctrine was again announced by the same learned judge in *Mann v. Corrigan*, 28 Kan. 194, in which he said, speaking of the Kansas statute, that if a sub-contractor's employees are not within its terms, it would be a very easy matter in the building of any railroad to avoid the statute entirely, and the evil, which was designed to be remedied by this, would continue the same as before. The same thing might well be said in reference to our own statute.

See, also, *M. K. & T. Ry. Co. v. Baker*, 14 Kan. 563; *Redmond v. Galena, etc., Ry. Co.*, 39 Wis. 426; *Mundt v. Sheboygan, etc., R. R. Co.*, 31 Wis. 451; *Kent v. N. Y. C. R. R. Co.*, 12 N. Y. 628.

Moreover, it is not necessary to rely upon the adjudged cases to determine this question; for the most superficial examination of § 1663 will convince anyone that every person furnishing material for a (private) bridge has a lien thereon "no matter how many sub-contracts therefor may be made." And that being so all material-men are entitled to the protection provided for by § 2415.

Is a material-man's right of action on the bond assignable? is the next question. Under the broad and comprehensive provisions of our code, we think it can hardly be doubted that it is, and it has been so decided, under analogous statutes, by other courts. *Sepp v. McCann*, 47 Minn. 364 (50 N. W. 246); *City of St. Paul v. Butler*, 30 Minn. 459 (16 N. W. 362); *Peters v. St. Louis, etc., R. R. Co.*, 24 Mo. 586. Those cases proceed upon the well known principle that the bond is security for the debt, and that the assignment of the debt carries the security with it.

It is also urged on behalf of the respondents that, even if there was a right of lien, or a right to sue on the bond, originally, that right is gone, because,

upon the facts stated in the complaint, the original
debt was paid by the order given by Bacon & Hen-
derson. But t he fact is, appellant is suing on a debt
due from Westerman and Yeaton, the principal
obligors in the bond, and acknowledged by them to
be due, and which, it is admitted, they have not paid.
If the lumber company had been paid, they would
have had no debt or claim to assign, and, presumably,
no assignment would have been made or attempted by
them.

We are firmly of the opinion that the complaint
states a cause of action, and the judgment must there-
fore be reversed and the cause remanded with direc-
tions to overrule the demurrer to the complaint.

HOYT, C. J., and DUNBAR, SCOTT and GORDON, JJ.,
concur.