[No. 1309.    Decided July 19, 1894.]

F. K. SEARS, *Respondent*, v. BILLY WILLIAMS *et al.*, *Defendants*, WILLIAM S. CARUTHERS *et al.*, *Appellants*.

BOND TO CITY FOR BENEFIT OF MATERIALMEN — ACTION ON BY THIRD PARTY.

Inasmuch as the provisions of § 2415, Gen. Stat., requiring a corporation making public improvements to take a bond from contractors for the protection of materialmen and laborers, are not applicable to street grading contracts, the fact that such a bond has been voluntarily given by a contractor will not estop his sureties from denying their liability to parties furnishing the contractor with materials for such contract, when such materialmen are not parties to the instrument, and at the time of its execution were not interested in the subject matter thereof, although, as between the city and the obligors thereon, the bond may be a valid one. (DUNBAR, C. J., dissents.)

*Appeal from Superior Court, Skagit County.*

*Wells & Joiner, D. M. Woodbury,* and *Million & Houser,* for appellants.

*Allen & Powell,* for respondent:

It is the established rule that sureties are estopped to deny the facts recited in their obligations, whether the facts

be true or false. *Brandt, Suretyship*, §§ 29, 30; *United States v. Bradley*, 10 Pet. 343; *People v. Huson*, 78 Cal. 154; *Rogers v. United States*, 32 Fed. 890; *Collins v. Mitchell*, 5 Fla. 364; *Brockway v. Petted*, 7 L. R. A. 740; *People v. Jenkins*, 17 Cal. 500.

The bond was voluntarily given. Its condition and object was lawful, and it is valid, even though there was no law which specifically authorized the city to demand or required the parties to give it. 1 Dill. Mun. Corp. (4th ed.), § 216; *United States v. Bradley*, 10 Pet. 343; *United States v. Rogers*, 28 Fed. 607; *United States v. Tingey*, 5 Pet. 115; *Supervisors v. Coffenbury*, 1 Mich. 354; *Montville v. Haughton*, 7 Conn. 543; *Sample v. Hale*, 51 N. W. 837; *Lyman v. City of Lincoln*, 57 N. W. 531.

The opinion of the court was delivered by

HOYT, J.— Appellants and their joint defendants were sureties in a bond executed by Billy Williams, who had a contract with the city of Anacortes to grub and grade certain streets in said city. This bond was taken in pursuance of the provisions of § 2415, Gen. Stat., for the purpose of relieving said city from liability under the provisions of § 2416. The respondent brought suit against the sureties named in said bond to recover for materials furnished to said contractor in the carrying out of his contract. Trial was had, and a judgment rendered in his favor, from which this appeal is prosecuted.

That the provisions of § 2415 of the General Statutes are not applicable to street grading contracts was directly ruled by this court in the case of *Clough v. Spokane*, 7 Wash. 279 (34 Pac. 934). Hence it was not necessary for the city to take the bond for the purpose of relieving itself of the liability imposed by the statute.

It is claimed, however, that it was competent for the city to require such a bond as a condition precedent to

awarding the contract, and that the bond having been voluntarily entered into, and not being for an illegal purpose, should be enforced as a contract between the parties. This contention may well be conceded, and yet it will not follow that the respondent had any right to maintain an action thereon. If the bond was not one contemplated by the statute it could derive no vitality therefrom. All the force it could have would be that of a contract voluntarily entered into by the parties. This being so it must follow that while the bond may have been a good one as between the city and the obligors, by reason of its having been voluntarily entered into, it could not be enforced in favor of the respondent, who was in no sense a party thereto. So far as it was a contract between the city and the makers it might be capable of enforcement, notwithstanding the fact that the State of Washington was named as the obligee, instead of the city. Under the strict rules which formerly prevailed, such a misnomer of the obligee would have been fatal, but under the more liberal rule announced by many late cases such might not be the effect of such misnomer if it appeared from all the circumstances that the bond was in fact executed for the benefit of the city. But this rule cannot be so far extended as to give the bond force in favor of one who at the time of its execution had no connection, direct or indirect, with the subject matter to which it related. A common law bond cannot be enforced excepting in favor of the obligee, or some one who at the time of its execution was the person for the benefit of whom it was executed. The respondent had no such connection with the execution of this bond as to entitle him to any relief under its provisions, nor had he any right to so rely upon it as to make available to him any rule as to the estoppel of the obligors. The bond not being a statutory one, the respondent not having been a party thereto cannot maintain an action thereon.

The judgment will be reversed, and the cause remanded with instructions to sustain the demurrer to the complaint.

STILES and ANDERS, JJ., concur.

DUNBAR, C. J. (*dissenting*). — I am unable to agree with the conclusion reached by the majority in this case.   The legality of this bond is recited in the bond, and the sureties are estopped to deny the facts recited in their obligation, whether the facts be true or false.   Brandt, Suretyship (2d ed.), § 42.

Again, this bond was voluntarily given.   That being true, if there was no legal violation in giving it, the sureties are estopped from denying its benefits to those who rely upon it.   "Actions are sustained on bonds not required by law when executed voluntarily."   1 Dillon, Mun. Corp. (4th ed.), § 216.   "In such case," says that authority, "the obligor voluntarily agrees to make the obligee named a trustee for the person interested in the due performance of the conditions."

In *Montville v. Haughton*, 7 Conn. 543, such bond was sustained and the court in that case said:

"The collector is not required to give a bond; nor are the selectmen authorized to take such a bond.   There is, indeed, no law directing that a bond shall be taken in such case; nor is there any law against it.   It is not illegal in its nature, nor founded upon any illegal consideration."

And so in the case at bar; the bondsmen were made the trustees of the city for the benefit of those dealing with it under this contract.   It is asserted by the majority that though the rule in regard to the voluntary bond, which is now certainly the established law of the country, might obtain, so far as the parties to the bond are concerned, it cannot be enforced in favor of the respondent, who is in no sense a party thereto.   I see no reason why this distinction should be made.   If it could be enforced by the city,

there being no such statutory bond provided for, on the ground of estoppel, the same reason ought to prevail for enforcing it in the interest of outside parties who relied upon the conditions of the bond entered into in making their contracts. Their is no reason in justice, that I can perceive, for the distinction ; and technicalities, the enforcement of which serves to defeat substantial justice, ought to be disregarded.

I think there is nothing in the formal objection to the bond. The judgment, in my opinion, should be affirmed.

### ON PETITION FOR RE-HEARING.

Hoyt, J.—In the petition for re-hearing filed by respondent our attention is called to the fact that there was no demurrer to the complaint, filed in the court below, and that for that reason our direction as to the disposition of the cause was incorrect. That the complaint did not state facts sufficient to constitute a cause of action was urged as one of the grounds why the judgment should not be allowed to stand, and under our statute we were called upon to decide that question, even although it had not been raised in the court below. The object of the direction was to enable the respondent to file an amended complaint. It would have been better to have directed simply that the cause be remanded for further proceedings in accordance with the opinion, and to that extent the former opinion will be modified.

Respondent, in his petition, again urges with much force that the appellants were estopped by the recitals in the bond from the defense which they sought to make. We have carefully examined the question, and while we fully agree with the argument to the effect that the principal and sureties were bound by the recitals in the bond, we are unable to hold that such recitals can have force in favor of one who at the time of the execution of the bond was

not a party thereto, or in any manner interested in the subject matter thereof. The fact that he afterwards became interested in the subject matter of the bond would not, under the circumstances of this case, entitle him to the benefits of the recitals therein.

In addition to the authorities cited upon the argument, some additional ones were called to our attention, and are cited in the petition for re-hearing, and confidently relied upon for the purpose of establishing the contention of respondent that the bond could be enforced by one who had furnished material, although he was in no manner a party to, or interested in, the subject matter of the bond at the time of its execution. Two of these cases were decided by the supreme court of Nebraska, one of them being *Sample v. Hale*, 34 Neb. 220 (51 N. W. 837), and the other *Lyman v. Lincoln*, 38 Neb. 794 (57 N. W. 531), and they clearly sustain the contention of respondent.

But we are unable to give our assent to the doctrine therein announced. The bond in question not having been required by the statute could derive no force therefrom, and we cannot hold that the recitals of a common law bond could have force excepting in favor of the parties interested therein at the time of its execution, or their assigns. That such recitals could be enforced in favor of the obligees in the bond may be conceded, for it was for their benefit that they were inserted, but such insertion was not for the benefit of every stranger who might thereafter voluntarily bring himself within the terms of such recitals without the consent of the parties to the bond.

The Nebraska cases are unsatisfactory to us for the reason that the doctrine announced seems to be an innovation upon well settled general rules as to the construction of contracts, and because the opinions tend to show either that the court did not fully appreciate the question which they were called upon to decide, or did not understand the effect

28—9 WASH.

of the cases relied upon and cited as authority for the decision. The opinion in the case of *Sample v. Hale* seems to be largely founded upon the case of *Knapp v. Swaney*, 56 Mich. 345 (23 N. W. 162), which is cited and commented upon as though the question presented to the supreme court of Michigan in that case was the same as the one in the case at bar, while an examination will show that the question there presented was an entirely different one. In that case the sole question decided was as to whether or not it was within the power of the board of county commissioners to insert a clause in the contract that all claims should be paid before the county should be called upon to pay the contractor. All that was decided in that case was, that such a provision in the contract was not *ultra vires*, and there is not even an intimation therein that it could have any force excepting in favor of the parties to the contract.

The examination which we have made of the questions argued in the petition for a re-hearing has but confirmed the views expressed in our former opinion. The petition, therefore, must be denied.

ANDERS and STILES, JJ., concur.