[No. 2787. Decided July 20, 1898.]

PHILIP BAUM, *Appellant*, v. COUNTY OF WHATCOM, *Respondent*.

BOND TO COUNTY FOR BENEFIT OF MATERIAL MEN — RECITALS — RIGHT OF ACTION.

Where a bond executed by a contractor for the construction of public improvements, under Gen. Stat., § 2415 (Bal. Code, §5925), in order to protect laborers and material men, contains all the conditions required by the statute, the recital that it was

taken as a common law, and not as a statutory, bond, would not vitiate it.

Where a county takes a bond from a contractor for the construction of a county road, under Gen. Stat., § 2415, for the benefit of laborers and material men, the right of action of a material man on account of supplies furnished is not against the county, but must be enforced against the bondsman and his sureties.

Appeal from Superior Court, Whatcom County.—Hon. H. E. HADLEY, Judge. Affirmed.

*Fairchild & Bruce*, and *Frye & Webster*, for appellant.

*J. W. Romaine*, for respondent.

PER CURIAM.—The defendant let a contract to one Moran for the construction and improvement of a county road. The contract provided that the contractor should execute a bond containing the provisions of § 2415, 1 Hill's Code (Bal. Code, § 5925). A bond was executed accordingly, but contained a recital that it was executed as a common law bond, and not in pursuance of the statute aforesaid, and also that under the decisions of the supreme court it was not required to take a bond to secure the performance of the contract, etc. The plaintiff furnished supplies to the contractor for his use in the construction of the road, which were not wholly paid for; and he brought this action against the county for a failure to take a bond under the statute, relying upon the statement in the bond that it was not taken thereunder, and upon the further fact that he, not being a party to the bond, could not avail himself of its provisions; citing *Sears v. Williams*, 9 Wash. 428 (37 Pac. 665). It being conceded that the bond contained all the conditions required by the statute, the recital that it was taken, not as a statutory, but as a common law, bond, would not vitiate it; and the case referred to was overruled in the particular mentioned in *State v.*

*Liebes, ante,* p. 589, decided July 6, 1898.  The holding in that case disposes of this one, and the judgment is affirmed.