EMBRY *v.* THE STATE.

FISH, J. There being, on September 5, 1883, a general law of force in Georgia declaring that "it shall not be unlawful for any person, who shall manufacture or cause to be manufactured in this State any wine from grapes, the product of any vineyard in this State belonging to such person, to sell or offer to sell, anywhere in the State, such wine at wholesale, or in quantities not less than one quart" (Acts of 1877, p. 33), and such wines being "intoxicating liquors," an act approved on that day, which undertook to prohibit and make penal "the sale of spirituous, malt, or other intoxicating liquors, in the counties of Glascock and Paulding," was unconstitutional. *Papworth* v. *State*, 103 *Ga.* 36 ; *O'Brien* v. *State*, ante, 51. It follows, therefore, that where one was indicted and tried for a violation of the provisions of such an unconstitutional local statute, a verdict of guilty was unauthorized by law, and a motion for a new trial, alleging that it was contrary to law, should have been sustained.

*Judgment reversed. All the Justices concurring, except*

LITTLE and LEWIS, JJ. We dissent from the opinion of the majority of the court in this case, upon the grounds set forth in our dissenting opinions in the *Papworth* and *O'Brien* cases, supra.

Submitted January 15,—Decided January 26, 1900.

Indictment for selling liquor. Before Judge Janes. Paulding superior court. August term, 1899.

*A. L. Bartlett*, for plaintiff in error.
*W. T. Roberts, solicitor-general*, contra.