[No. 3279.   Decided April 18, 1900.]

C. D. McDONALD, *Respondent,* v. FRANK J. DAVEY, *Defendant,* GEORGE T. CRANE *et al., Appellants.*

BOND TO SECURE PAYMENT OF LABORERS AND MATERIALMEN—RIGHT OF ACTION BY THIRD PARTIES.

Where by the terms of a lease of mining property, the lessee was to pay all debts that he might contract in and about the mine, for both labor and material, and permit no liens of any kind to be filed upon the mine or any interest therein for such debts, and pay all laborers employed by him as often as every two weeks, and a bond was executed by the lessee to the lessor to perform the promises and covenants contained in the lease, an unpaid laborer has a right of action upon the bond to recover money due him for his labor in and about the mine.

STARE DECISIS.

A decision creating a rule of law for a case, which has not been subsequently applied to other cases, cannot be said to have established a fixed rule and become *stare decisis.*

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*A. G. Avery,* for appellant:

Private bonds are always founded primarily upon contract; hence, unless distinctly taken for the use of some beneficiary or class of beneficiaries, no person, except the designated obligee, can, by reason of damage through breach of condition, maintain an action on the bond. *Parker v. Jeffery,* 26 Ore. 186 (37 Pac. 712); *Lamb v. Vaughn,* 2 Sawy. 161; *Merrill v. Green,* 55 N. Y. 270; *Jones Lumber Co. v. Villegas,* 8 Tex. Civ. App. 669; *Townsend v. Cleveland Fire Proofing Co.,* 47 N. E. 707; *Turk v. Ridge,* 41 N. Y. 201; *Chung Kee v. Davidson,* 73 Cal. 522 (15 Pac. 100).

*Norman Buck,* for respondent:

In the case at bar the plaintiff relies upon a bond given by one Davey, the lessee of a mine, to one Chapman, the lessor, which provides for the payment of the laborers employed in the mine. It is the public policy of the state to protect labor and secure its payment. The contract to pay the laborers at the mine was made with the lessor as a part of the consideration of the lease, and the plaintiff can recover. *Lewis v. Covillaud,* 21 Cal. 189; *McLaren v. Hutchinson,* 18 Cal. 80; *Sacramento Lumber Co. v. Wagner,* 67 Cal. 293; *Rogers v. Gosnell,* 58 Mo. 589; *Hendrick v. Lindsay,* 93 U. S. 148 (23 L. ed. 855); *Hecht v. Caughron,* 46 Ark. 132.

The opinion of the court was delivered by

REAVIS, J.—In December, 1895, one Chapman was receiver of the Consolidated Bonanza Mining & Smelting Company, a corporation, and entered into a lease with one Davey under the terms of which Davey was to operate the mine and pay to Chapman one dollar per ton on all ore shipped. There were a number of stipulations in the contract of lease, one of which provided that Davey should operate the mine in a minerlike manner, keep the same well timbered, and separate the ore that was not shipped by him on the dump from refuse matter, pay all debts that he might contract in and about the mine, for both labor and material, and permit no liens of any kind to be filed upon the mine or any interest therein for such debts, and pay all laborers employed by him as often as every two weeks. Of the same date Davey executed a bond generally to perform the promises and covenants contained in the contract, and the appellants, Crane and Loring, signed the bond as sureties. The respondent performed work and labor for Davey in and about the mine, for which he has not been paid, and has brought this action to recover from the sureties the money due him for such labor. The com-

plaint contains a copy of the contract and bond. A demurrer was interposed by appellants, and overruled. Thereafter appellants answered, alleging that they signed the bond assuming that they were not liable to the laborers working on the mine, and relying and depending upon the law as announced in the case of *Sears v. Williams,* 9 Wash. 428 (37 Pac. 665); that the bond was not executed to protect respondent, or those performing labor in the mine. A demurrer to the answer was interposed by respondent, and sustained. Appellants elected to stand on the pleadings, and judgment was entered against them. Davey was not served with summons and complaint, and did not appear. The errors assigned by appellants are overruling appellants' demurrer to the complaint and sustaining respondent's demurrer to appellants' affirmative defense contained in their answer.

The case of *Sears v. Williams, supra,* has not been followed, and, while it determined the controversy in that case and the law of the case, it has not since been applied to others. It cannot be said to have established a fixed rule, and become *stare decisis,* as urged by counsel for appellants. We think the case at bar falls within the reasoning and the principle stated in *State ex rel. Bartelt v. Liebes,* 19 Wash. 589 (54 Pac. 26), and recognized in *Baum v. Whatcom County,* 19 Wash. 626 (54 Pac. 29), and the judgment is affirmed.

Gordon, C. J., and Dunbar, J., concur.