## HILL *v.* THE STATE.

1. The decision of this court in the case of *Embry* v. *State*, 109 *Ga.* 61, in so far as it deals with the sufficiency of a general assignment that a verdict is "contrary to law " to raise a question as to the constitutionality of a statute, is not sound ; and not being binding as authority, because not rendered by a unanimous bench, will not be followed.

2. No good cause for granting a rehearing appears.

Submitted November 14, — Decided December 19, 1900.

Application for rehearing. *Persons & Persons*, for movant.

FISH, J. On October 27, during the present term, this court passed upon a bill of exceptions which had been sued out by Hill to review a judgment of the superior court of Monroe county, denying him a new trial upon an indictment charging him with the offense of unlawfully selling intoxicating liquor. See 112 *Ga.* 32. Among other things, it was held that " A motion for a new trial in a criminal case, based on the general grounds that the verdict com-

plained of was contrary to law and evidence, does not raise any question as to the constitutionality of an act of the General Assembly." After our judgment had been announced, the plaintiff in error filed an application for a rehearing, basing the same upon the decision of this court in the case of *Embry* v. *State*, 109 *Ga.* 61, in which it was held that "where one was indicted and tried for a violation of the provisions of  .  . an unconstitutional local statute, a verdict of guilty was unauthorized by law, and a motion for a new trial, alleging that it was contrary to law, should have been sustained." In the later case of *S., F. & W. Ry. Co.* v. *Hardin*, 110 *Ga.* 433, it was decided that "a motion for a new trial containing a ground alleging that the verdict was contrary to law does not properly raise here any question upon the constitutionality" of a statute. That this is the better view of the matter will, we think, clearly appear from the opinion of Mr. Justice Cobb in the case last cited. See also, in this connection, *Roberts* v. *Keeler*, 111 *Ga.* 181. The ruling in *Embry's* case not being sound, and not being binding as authority, because not rendered by a full bench, will not be followed. The motion for a rehearing is accordingly denied. It is, however, interesting to note that in the case of *Smith* v. *State*, recently decided (ante, 291), this court, upon a bill of exceptions properly presenting the question, passed upon the constitutionality of a local liquor statute quite similar to that under which Hill was indicted and which he sought for the first time in this court to attack on the ground that it was in conflict with the general law on the subject of selling domestic wines. The decision reached in that case was that the act then brought into question differed essentially from those under consideration in the cases of *Papworth* v. *State*, 103 *Ga.* 36, *O'Brien* v. *State*, 109 *Ga.* 51, *Embry* v. *State*, supra, and *Tinsley* v. *State*, 109 *Ga.* 822, and did not violate that clause of the constitution which forbids special legislation in any case for which provision has been made by an existing general law.

*Application for a rehearing denied. All the Justices concurring.*