[No. 4553.   Decided September 26, 1903.]

PACIFIC BRIDGE COMPANY, *Respondent,* v. UNITED STATES
FIDELITY AND GUARANTY COMPANY, *Appellant.*[1]

CONTRACTOR'S BOND—ACTION ON—SUFFICIENCY OF COMPLAINT.
A complaint on the bond of a subcontractor is sufficient where it sets out the contract and bond requiring him to pay all claims and alleges that he incurred indebtedness in prosecuting the work which the plaintiff was required to pay, and that reimbursement was refused upon demand.

SAME—PLEADING—SUPPLEMENTAL COMPLAINT.   In an action on a subcontractor's bond to recover the amount of indebtedness which he had incurred and refused to pay, it is proper to allow a supplemental complaint for the recovery of further damages, incurred in completing the work after the action was commenced which was the result of the same breach.

SAME—LIMITATION OF SUIT.   Where an action on a bond is commenced within the six months limitation contracted for, a supplemental complaint for further damages arising since the

[1]Reported in 73 Pac. 772.

action was commenced is not barred because not filed within six months after the original breach of the bond.

PARTIES—FAILURE TO SERVE PRINCIPAL DEFENDANT—LIABILITY OF SURETY. In an action on a joint and several bond, an objection to any evidence because of the failure to bring the principal into court is properly overruled, since the statute authorizes a joint or several suit at the option of the plaintiff.

SUBCONTRACTOR'S BOND—EVIDENCE—CITY AS OBLIGEE. In an action brought by a contractor upon the bond of a subcontractor upon city work, to recover the amount paid out for labor and supplies in completing defendant's contract, the plaintiff's bond to the city, given under a statute requiring a contractor to give bond to pay all such labor and supply claims, is admissable in evidence, although running to the city instead of to the state, as required by law, as it is a good common law bond requiring plaintiff to make the payment.

INDEMNITY BONDS—CONSTRUCTION. A surety company's bond for the faithful performance of the work of a subcontractor is in the nature of an insurance policy, not to be construed *strictissimi juris*, and general clauses appended to the principal contract authorizing changes should be considered part of the subcontract and admissible against the surety.

SAME—DISCHARGE OF SURETY—ALTERATIONS IN PLANS. The surety of a subcontractor is not discharged by alterations in the work called for, when the contract authorized the city engineer to make the changes complained of. (*Cowles v. United States Fidelity & Guaranty Co.*, 32 Wash. 120, followed.)

Appeal from a judgment of the superior court for King county, Bell, J., entered July 30, 1902, upon the verdict of a jury rendered in favor of the plaintiff by direction of the court, after overruling defendant's motions for a directed verdict or a nonsuit. Affirmed.

*Burke, Shepard & McGilvra,* for appellant. The defendant's liability is not well pleaded; it is *strictissimi juris,* and there can be no recovery unless it is so nominated in the bond. *Blair v. Perpetual Ins. Co.,* 10 Mo. 559, 47 Am. Dec. 129; *Dunlap v. Eden,* 15 Ind. App. 575, 44 N. E. 560; *City of Sterling v. Wolf,* 163 Ill.

467, 45 N. E. 218; *First Nat. Bank v. Goodman,* 55 Neb. 418, 77 N. W. 756. The supplemental complaint introduces a new cause of action, which cannot be done. *Davis v. Erickson,* 3 Wash. 654, 29 Pac. 86; *Buchanan v. Comstock,* 57 Barb. 582; *Swedish-Am. Nat. Bank v. Dickinson County,* 6 N. D. 222, 69 N. W. 455. It was upon a separate breach of a distinct condition of the bond, a proper subject for a separate action or count. *Beach v. Barons,* 13 Barb. 305; *United States v. National Surety Co.,* 92 Fed. 549. The original complaint being insufficient, the action cannot be sustained by a supplemental complaint founded upon subsequent facts. *McCollough v. Colby,* 4 Bosw. 603; *Candler v. Pettit,* 1 Paige 168, 19 Am. Dec. 399; *Stillwell v. Van Epps,* 1 Paige 615. The supplemental complaint was not filed within six months of the breach, and the cause cannot be enlarged by adding matters in respect of which the statute has run before the amendment. *Holmes v. Trout,* 7 Pet. 171; *Miller v. McIntyre,* 6 id. 61; *Alexander v. Pendleton,* 8 Cranch, 462. The surety was discharged by the changes in the work contracted for, because they were not within the reasonable contemplation of the parties. *United States v. Freel,* 92 Fed. 299; *O'Rourke v. Burke,* 44 Neb. 821, 63 N. W. 17; *Evans v. Graden,* 125 Mo. 72, 28 S. W. 439; *Miller-Jones Furn. Co. v. Ft. Smith Ice etc. Co.,* 66 Ark. 287, 50 S. W. 508; *Livingston v. Moore,* 44 N. Y. Supp. 125; *O'Neal v. Kelley,* 65 Ark. 550, 47 S. W. 409; *House v. American Surety Co.,* 21 Tex. Civ. App. 590, 54 S. W. 303; *Village of Chester v. Leonard,* 68 Conn. 495, 37 Atl. 397; *Nichols v. Palmer,* 48 Wis. 110.

*Piles, Donworth & Howe,* for respondent. The filing of the supplemental complaint was properly allowed. *Buckley v. Buckley,* 12 Nev. 423; *Belles v. Miller,* 10

Wash. 259, 38 Pac. 1050; *Edgar v. Clevenger,* 3 N. J. Eq. 258; *Allen v. Taylor,* 3 N. J. Eq. 435, 29 Am. Dec. 721; *Baker v. Bartol,* 6 Cal. 483; *Jaques v. Hall,* 3 Gray 194. The change in the work is presumed to have been made in accordance with the terms of the contract authorizing it. *American Surety Co. v. Lauber,* 22 Ind. App. 326, 53 N. E. 793. When provided for in the contract, changes will not operate to discharge the surety. *De Mattos v. Jordan,* 15 Wash. 378, 46 Pac. 402; *Moore v. Fountain* (Miss.), 8 South. 509; *Dorsey v. McGee,* 46 N. W. 1018; *Village of Chester v. Leonard,* 68 Conn. 495, 37 Atl. 397; *Philadelphia v. Stewart,* 201 Pa. St. 526, 51 Atl. 348; *McLennan v. Wellington,* 48 Kan. 756, 30 Pac. 183; *Hayden v. Cook,* 34 Neb. 670, 52 N. W. 165; *Risse v. Hopkins Planing Mill Co,* 55 Kan. 518, 40 Pac. 904; *Drumheller v. American Surety Co.,* 30 Wash. 530, 71 Pac. 25. The bond was in the nature of an insurance policy, and is to be construed accordingly. *Bank of Tarboro v. Fidelity & Deposit Co.,* 128 N. C. 366, 38 S. E. 908; *American Surety Co. v. Pauly,* 170 U. S. 133, 18 Sup. Ct. 552.

DUNBAR, J.—This is an appeal from a final judgment for plaintiff in an action on a bond given to plaintiff, the contractor in chief for the construction of subdivision No. 1 of the Cedàr River water supply system of the city of Seattle, by the defendant Charles P. Church, a subcontractor for the performance of the excavation on a certain part of that subdivision, and by the defendant, the United States Fidelity & Guaranty Company, as his surety, conditioned for the faithful performance of his contract, etc. The defendant Church was never served with process, nor has he appeared in the action, and the judgment appealed from runs only against his surety, the appellant.

The memorandum of agreement and bond are too long for entry here, but they are not essentially different from ordinary contracts and bonds in such cases.   Church entered upon the performance of the contract and incurred indebtedness for provisions and supplies amounting to $286.93, and to laborers for work done, $607.21. Respondent demanded of Church that he pay these amounts, and, upon his refusal, respondent, in order to protect itself from liability upon the bond which it had executed to the city, paid these claims.   It may be stated here that the respondent had executed a bond under the provisions of the statute requiring such bond to be given to municipal corporations, of which we will speak hereafter.   Church failing to complete the contract, appellant was notified by the respondent of his failure.   The appellant wrote to respondent, denying all liability under the bond, and insisting that the contract had been violated by respondent, and had not been violated by the contractor, Church.   Thereafter respondent completed the contract, and within six months from the first breach instituted suit against appellant for the amount of $894.14, which we have mentioned above, and which was all that was due by reason of the breach of the contract at that time.

After completing the work, the respondent, by leave of the court, filed an amended and supplemental complaint, setting up the performance of the work by respondent, and the cost thereof.   The amended and supplemental complaint alleges the facts set forth in the original complaint, and the additional facts that the contract work had been completed, that respondent had been compelled to pay out for such work the sum of $21,003.59, which was the reasonable cost of completing the contract, and that all of

said sum except the sum of $894.14 was paid by respondent since the institution of the first suit; that for said work respondent had been paid by the city of Seattle the sum of $17,244.37; that, by reason of the failure of Church to perform the contract, and by reason of the failure of the defendants to repay the respondent the amount which the respondent had been compelled to pay for the performance of the contract over and above the sum which the city had paid it, the conditions of the bond had been broken, and respondent had been damaged in the sum of $3,759.22, and demand was made for that sum.    At the trial the court limited respondent's right of recovery to the amount paid out by respondent for work, labor, and material in the prosecution of the work, which amounted to the sum of $2,831.93, for which judgment was obtained by directed verdict, there seeming to be no disputed questions of fact.

This judgment is appealed from, and the following errors assigned:    (1) Error in overruling appellant's demurrer to the complaint; (2) in granting the plaintiff leave to file the amended and supplemental complaint, and in overruling appellant's demurrer thereto; (3) in overruling the appellant's objection to evidence of the new matter pleaded in the amended and supplemental complaint; (4) in overruling the appellant's objection to any evidence for the plaintiff on the ground of defect of parties defendant; (5) in admitting in evidence the bonds given by the plaintiff to the city of Seattle in connection with the contract in chief between the plaintiff and the city; (6) in admitting in evidence certain sections of the general clauses appended to the contract in chief; (7) in admitting sundry insufficient and incompetent evidence to prove the plaintiff's expenditures in completing the work

embraced in the subcontract in suit; (8) in admitting sundry evidence of improper items as part of said expenditures; (9) in denying appellant's motion for nonsuit; (10) in excluding sundry evidence offered by appellant tending to establish certain affirmative defenses pleaded on its part; (11) in refusing to direct a verdict in favor of appellant and in directing a verdict in favor of plaintiff for the sum of $2,831.93; (12) in denying appellant's motion for a new trial and entering judgment on the verdict.

Concerning the first assignment, we think the liability of the defendants upon the bond was well established in the original complaint. It is possible that, in response to a motion to make more definite and certain, the cause of action might have been stated with a little more particularity, but the whole complaint sets forth the contract and the bond. The arrangement in which they appeared in the complaint could not be material. Under the provisions of the bond it was Church's duty to faithfully perform his contract and to pay the claims of any person against the respondent or himself, caused by any wrongful acts of either omission or commission on his part, in relation to the contract, and to save the respondent harmless from any loss in that regard. It is alleged in the complaint that Church had incurred indebtedness in the prosecution of the work under the contract, that he had not paid the claims growing out of such indebtedness, but that respondent had been compelled to pay them, and that he had refused, upon demand, to reimburse respondent. We think the complaint contains a plain and concise statement of facts, and that the appellant was not left in doubt as to the cause of the action. The demurrer to the complaint was, therefore, properly overruled.

Appellant's second contention is that the court erred in permitting respondent to file its amended and supplemental complaint; that said complaint was demurrable (1) for insufficiency; (2) because the additional liability claimed therein was barred by the limitation of suit contracted for in the bond. We do not think the trial court abused its discretion, or erred in permitting the filing of the supplemental complaint. It was not a different cause of action that was pleaded. The cause of action was the breach of the contract, and upon this breach was based the claim for damages in both the original and supplemental complaint. The supplemental complaint was simply for the recovery of damages incurred subsequent to the filing of the original complaint, but which had resulted from the same breach. The practice of incorporating such a complaint in the original action is not only permissible, but is commendable practice, tending to avoid a multiplicity of suits. All this, outside of the necessity of commencing the action within the time stipulated for the limitation of actions after the breach, and of the avoidance in a separate action of the question of former adjudication. The 21st Enc. Plead. & Prac., at page 17, after announcing the well established rule that a bad title, set up in the original bill, cannot be aided by a supplemental bill, setting up a new and distinct title which has been acquired since the filing of the original bill, adds:

"But where the complainant sets forth in his original bill a title which is sufficient to entitle him to the relief prayed, it is permissible to file a supplemental bill setting up a newly acquired interest which enlarges his rights and authorizes the court to give him greater and more extended relief."

The claim for damages was in time, and the supplemental complaint properly sustained.

' This disposes also of appellant's third contention—that the objection to the evidence under the supplemental complaint was improperly overruled.   Nor do we think that the court erred in overruling objections to the admission of any evidence in support of respondent's case on the ground of defect of parties defendant.   Church, the party contracting with the respondent, and the principal in the bond sued on, was joined with the appellant in the title of the cause, but was never served with process, and never appeared.   This contention seems to be based upon the theory that, Church not having had his day in court, the appellant, upon satisfying the judgment, could have no effective subrogation to the respondent's rights as against Church.   But this was a joint and several obligation, and the statute provides that persons severally liable upon the same obligation or instrument may, all or any of them, be included in the same action at the option of the plaintiff.   We think the statute so plainly answers the objection that it precludes further discussion.

The fifth contention is that the court erred in admitting in evidence, over appellant's objection, bonds given by the respondent to the city of Seattle.   The bonds were given under the statute requiring a municipal corporation contracting for public works to exact of the contractor a bond conditioned to pay laborers, materialmen, etc., and all indebtedness incurred in the performance of the work, and the statute provides that the bond shall run to the state of Washington.   The respondent, to sustain its contention that it was bound to pay certain labor and supply claims, introduced a bond which, it is conceded, met the requirements of the law with the exception that it ran to the city of Seattle as obligee instead of to the state

of Washington.    Whether or not the bond was in all essentials a statutory bond, it was a good common-law obligation, which the respondent and the city had a right to enter into, and which, therefore, would have bound the respondent according to its terms.    The decisions of this court in *State ex rel. Bartelt v. Liebes,* 19 Wash. 589, 54 Pac. 26, and *Baum v. Whatcom County,* 19 Wash. 626, 54 Pac. 29, are conclusive on this question.

We also think that the general clauses appended to the contract were part of the subcontract in suit, and were properly admitted in evidence.    The contract is too long to be set forth in this opinion; but, so far as the changes in the contract of which appellant complains are concerned, the contract provides that the Cedar River water supply system shall be constructed according to the maps and profiles prescribed by the city engineer, and in accordance with the plans and specifications required by the contract entered into between the Pacific Bridge Company and the city of Seattle, with certain exceptions specified; while such specifications provide, among other things, in language comprehensive enough to embrace the changes complained of, that the city engineer shall have the right to make changes.    The merits of this controversy, viz., the contention that the guaranty company stands discharged of its liability by reason of the departure of the respondent and the subcontractor, Church, raise a question lately passed upon by this court in *Cowles v. United States Fidelity & Guaranty Company,* 32 Wash. 120, 72 Pac. 1032, where, after a review of the authorities, it was held that the assurance company could not invoke the doctrine of *strictissimi juris* in the construction of its contract, and that bonds of this character were in their nature insurance contracts and should be

construed as contracts for compensation.   In that case the building contract upon which the bond was based provided that no alterations should be made except on a written order of the architects, and that, when so made, the value of the work added or omitted should be computed by the architects, and the amount added to or deducted from the price.   It was held that a waiver of the requirements of a written order by the contractor did not relieve a compensated surety from liability, and that the surety, by his bond, became a party to the contract, identified with the contractor.   We are satisfied with the views expressed in that case, and, in accordance therewith, decide that the appellant in this case is not relieved from the responsibility of its obligation.

Without specifically reviewing the evidence admitted to prove and support different claims, we think it was competent and sufficient, and that, therefore, the court did not commit error in denying appellant's motion for a nonsuit.   Nor do we think there was any reversible error in the exclusion of testimony, in denying appellant's motion for a new trial, or in entering judgment for the respondent.

The judgment is therefore affirmed.

FULLERTON, C. J., and ANDERS, HADLEY, and MOUNT, JJ., concur.