[No. 12119.   Department Two.   August 31. 1915.]

W. R. RUST, *Respondent*, v. UNITED STATES FIDELITY & GUARANTY COMPANY, *Appellant*.[1]

CONTRACTS—BUILDING CONTRACTS—CONSTRUCTION. An agreement by contractors to furnish all materials for a building includes an agreement to pay for them.

PRINCIPAL AND SURETY—BUILDING CONTRACT—BOND—LIABILITY OF SURETY—CREDITORS—PRIVITY. A building contractor's surety bond to a private owner, conditioned to furnish the materials and pay all liens, claims, and other sums of money, and to be void in case the principal shall perform the contract and indemnify and save harmless the owner, is for the owner's protection only; hence he cannot maintain an action thereon against the surety for the benefit of creditors of the contractor who had no liens against the property or claims by which the owner could be damaged, as there was no privity between the surety and such creditors.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered December 5, 1913, upon findings

[1]Reported in 151 Pac. 248.

in favor of the plaintiff, in an action on an indemnity bond, tried to the court.    Reversed.

*Huffer & Hayden* and *H. W. B. Smith*, for appellant.

*Fogg & Fogg*, for respondent.

PER CURIAM.—In January, 1912, the McDermott & Carmody Contracting Company entered into a contract with the respondent, Rust, to construct for him a tunnel at Ruston, Pierce county.    The contract required the contractors to "furnish and provide in sufficient numbers  .  .  .  all things that may be necessary or requisite for constructing and completing" the work within a certain time, and to give a bond conditioned "for the payment of all liens, claims and other sums of money, and for the true and faithful performance and compliance with all and singular the terms and provisions of .  .  .  this contract."    Pursuant to the contract, the contractors, as principal, and the appellant, as surety, executed a joint and several bond conditioned for the faithful performance of the contract, the bond, among other things, reciting:

"Now the condition of the foregoing obligation is such that if said above-named principal shall well and truly keep and perform all the conditions and covenants of this contract on its part to be kept and performed, and shall indemnify and save harmless the said W. R. Rust as therein stipulated, then this obligation shall be of no effect, but otherwise it shall remain in full force and effect."

Sometime in March, the contractors commenced the prosecution of the work under the contract and continued therein until August 9th, when they abandoned the work because of financial difficulties, leaving unpaid a number of bills for materials used therein.    The respondent thereupon took over and completed the contract, and thereafter began this action against the surety company to recover damages for defective work by the contractors, for demurrage for delay, and for the amount of the bills left unpaid by the contractors.    The claims for damages and demurrage were settled before trial,

leaving in issue only the demand for the amount of the unpaid bills.

The case was tried before the court without a jury, and resulted in a finding of the amount of the bills, a conclusion of law that respondent was entitled to maintain the action for the use and benefit of the creditors, and a judgment in respondent's favor for the use and benefit of the creditors for the amounts found due them. From this judgment, the surety on the bond has appealed.

From the view we take of the case, but one question raised by the appeal need be considered: the right of respondent to maintain the action for the benefit of the creditors. No liens had been filed by the creditors prior to the institution of this action, and it appears that the time within which liens could be filed by them has elapsed. Respondent has not been damaged in any manner by the nonpayment of these debts, and the time for filing liens having elapsed, there is no contention that he will be so damaged in the future. There is, therefore, no ground upon which the judgment can be sustained as an indemnity for respondent; but he contends that the bond was both an indemnity and a guaranty bond, given, first, to indemnify him, and, second, to secure the performance of the conditions of the contract, one of which was the payment of all bills for material.

While the contract did not expressly provide that the contractors should pay all bills incurred in the prosecution of the work, we have held that an agreement to furnish materials includes an agreement to pay for them. *Wheeler, Osgood & Co. v. Everett Land Co.*, 14 Wash. 630, 45 Pac. 316; *Crowley v. United States Fidelity & Guaranty Co.*, 29 Wash. 268, 69 Pac. 784; *Friend v. Ralston*, 35 Wash. 422, 77 Pac. 794. But it does not follow that respondent can maintain an action on this promise. Not having been damaged, he could not sue for his own benefit. His right to sue for the creditors must arise, if it arises at all, from the existence of rights acquired by the creditors from the promise which gives a right of recovery,

and some relation on his part as a trustee for them which enables him to maintain the action on their behalf. If he bore this relation to the creditors, respondent could maintain the action in his own name without making them parties. Rem. & Bal. Code, § 180 (P. C. 81 § 9).

To establish any rights in the creditors and a trust relation between them and respondent, the provision in the contract for the payment of debts must have been made for the benefit of the creditors, and the bond given to secure those benefits. The contract does not by its terms so provide. In the absence of such a stipulation, the bond is usually construed to be for the benefit of the owner. The rule is tersely stated by Williston in 15 Harvard Law Review, p. 783:

"It is a common stipulation in a building contract that the contractor will pay all bills for labor and materials. In most cases the fulfillment of this promise by the contractor operates to discharge a liability of the owner of the building, whose building would be liable to satisfy the liens given by the law to workmen and materialmen. It cannot, therefore, be inferred that the promisee requires the promise in order to benefit such creditors of the contractor. The natural inference is that his object is to protect himself or his building. When, however, the owner of the building is a municipality, or county, or state, such an inference cannot so readily be justified, for the laws give no liens against the buildings of such owners."

In *Armour & Co. v. Western Construction Co.*, 36 Wash. 529, 78 Pac. 1106, we held that a surety company on a private bond was not liable to a materialman, as no privity existed between them; that is, the bond was not given for their benefit, and this is the general rule. But respondent argues that we held in effect in *State ex. rel. Bartelt v. Liebes*, 19 Wash. 589, 54 Pac. 26; *Baum v. Whatcom County*, 19 Wash. 626, 54 Pac. 29; *McDonald v. Davey*, 22 Wash. 366, 60 Pac. 1116, and *Pacific Bridge Co. v. United States Fidelity & Guaranty Co.*, 33 Wash. 47, 73 Pac. 772, that con-

tracts such as this are for the benefit of the creditors and that they may sue on such a bond for their own benefit. All of these cases except the *McDonald* case involved public bonds, which are presumptively given for the benefit of the creditors to take the place of a lien which does not lie against a municipality. While the court in the *McDonald* case apparently based the holding on the decisions on the same ground, there was sufficient in the case to show that the bond was intended to protect the creditors. Whether that case is in harmony with the rule stated or not, we regard the *Armour* case as controlling.

There being no privity between the creditors and the appellant surety company, and the bond not being for their benefit, it follows that they received no rights under the contract or bond which respondent could enforce for their benefit.

The judgment is reversed, with directions to dismiss the action.