[No. 14796.  Department Two.  June 6, 1918.]

## A. P. KANTERS, *Appellant*, v. FRANK KOTICK *et al.,* *Respondents.*[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY — LIABILITY ON HUSBAND'S BOND. The husband's gratuitous bond is not a community debt where it was not given in a community enterprise.

PRINCIPAL AND SURETY—ACTION AGAINST SURETY—PARTIES.  A surety in a joint and several bond may be sued separately from the principal, under Rem. Code, § 192, giving plaintiff the option to sue all or any of the persons severally liable upon the same obligation.

PRINCIPAL AND SURETY—ACTION ON BONDS—CONDITIONS PRECEDENT —TENDER OF PERFORMANCE. Tender of a conveyance is a condition precedent to an action upon a bond given to secure performance of the agreement of the vendees to discharge a mortgage as consideration for the conveyance, as the stipulations are mutual and concurrent.

SAME—LIABILITY OF SURETY—DEFENSE. A surety cannot be held liable upon a bond where the principal was not liable because the conditions for which it was given could not be performed.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered July 2, 1917, upon granting a nonsuit, dismissing an action on contract, tried to the court. Affirmed.

*L. Y. DeVries* and *John G. Barnes,* for appellant.
*Troy & Sturdevant,* for respondents.

HOLCOMB, J.—In the spring of 1913, one Williams, one Ray and others were desirous of procuring land

[1]Reported in 173 Pac. 329.

suitable for a cranberry plantation near Little Rock, Thurston county. Williams was selected to procure such land in his own name, with a view to having it transferred to a corporation when organized. Respondent Kotick gratuitously assisted Williams, who was a stranger at Little Rock, with the enterprise. One Keller was the owner of an eighty-acre tract of land containing some fourteen to twenty acres of marsh land, and held a school land lease from the state of forty acres of marsh land continuing the marsh of the eighty-acre tract. Williams and Kotick called at Keller's home and an agreement was entered into by the terms of which Keller was to assign the school land lease to Williams and the marsh land of the eighty-acre tract was to be surveyed and conveyed by a metes-and-bounds description. In consideration of the foregoing agreement Williams was to pay off, before or at maturity, October 3, 1915, the unpaid balance of a $1,400 mortgage against Keller's eighty-acre tract. To secure this payment of the mortgage, Williams, as principal, and Kotick, as surety, executed and delivered to Keller the bond sued on in this action. The assignment of the lease to the forty-acre school land tract seems to have been made immediately, but the conveyance of the marsh land of the eighty-acre tract was to be made as soon as surveyed. Thereafter, on or about July 2, 1913, Williams died and probate proceedings were had in Pacific county, beginning August 23, 1913, and closing in October, 1914, during which time more than one year had expired from the date of the first publication of notice to creditors, and no claim based upon the conditions of the bond had been presented to the administrator of the estate.

Sometime after Williams' death the land was surveyed, but not conveyed to him or his administrator. In October, 1913, notwithstanding their contract with

Williams, Keller and wife deeded the whole of the eighty acres to the appellant, who assumed and agreed to pay the $1,400 mortgage and the conditions of the bond, all without the knowledge and consent of respondents. Then again, notwithstanding the conveyance to appellant, Keller and wife deeded this land (which they had deeded to appellants and had contracted to Williams) to Black Lake Land Company, which last conveyance is conceded to be void. April 13, 1914, appellant conveyed the eighty-acre tract (excepting therefrom the marsh land by a metes-and-bounds description) to one Coleman, and in his deed covenanted and agreed to pay the $1,400 mortgage. The mortgage was not paid at maturity, and the property was sold to the holder of the mortgage under a decree of foreclosure. Appellant brought this action to recover from respondents, claiming that Kotick signed Williams' bond as surety and for the marital interest of the community.

Trial was had to the court, and at the close of plaintiff's case, defendants moved for a dismissal. The court reserved its ruling until the close of the trial, and entered a judgment of dismissal.

Appellant assigns as error: (1) The court erred in refusing to make the findings of fact requested by appellant. (2) The court erred in refusing to make the conclusions of law requested by appellant. (3) The court erred in making and entering the judgment of dismissal of this action and for costs against appellant. (4) The court erred in making finding of fact number 5. We will first consider assignment No. 3, for, if appellant has failed to prove a cause of action, the other assignments will avail him nothing.

Appellant does not now strenuously insist that the marital community is liable, and we cannot see how it could be held that the gratuitous signing by the hus-

band as a surety on a bond, it not being a community enterprise, would bind the community.

The next contention is that the surety may be sued irrespective of the principal. We will concede the rule to be, under Rem. Code, § 192, that the surety may be sued and held liable jointly with and separately from the principal. In *Pacific Bridge Co. v. United States Fidelity & Guaranty Co.,* 33 Wash. 47, 73 Pac. 772, it was said:

"But this was a joint and several obligation, and the statute provides that persons severally liable upon the same obligation or instrument may, all or any of them, be included in the same action at the option of the plaintiff."

The next question is, Can the principal and surety on a bond of this kind be held liable when the conditions of the obligee for which the bond was given have not been executed or cannot be performed. The material portion of the bond in question is:

"The conditions of the above obligation are such that, whereas, the said parties of the second part have entered into a contract by which it is agreed that the said parties of the second part shall assign to the said J. H. Williams a certain lease owned and held by the said parties of the second part, of certain school lands, to wit: [description omitted] and further that the parties of the second part will sell and convey unto the said J. H. Williams, by good and sufficient deed of conveyance, twenty acres, more or less, of bottom lands situated upon the east half of the northeast quarter of section 35, township 17 north, of range 3 west, W. M., being all the bottom lands thereon.

"It being intended by said contract that said conveyance of said bottom lands shall be made as soon as the precise amount, and the metes and bounds of said lands are definitely ascertained by a survey hereafter to be made by J. J. Keller and J. H. Williams, in which said contract it is agreed that the consideration given to the parties of the second part, for the assignment

aforesaid, and the conveyance aforesaid, shall be the assuming, paying, discharging and holding harmless therefrom the said parties of the second part, a mortgage made by the said parties of the second part upon the east half of the northeast quarter of section 35, township 17 north, of range 3 west, W. M., when same shall become due and payable, and the payment to the parties of the second part of the sum of one dollar, which has already been paid. Said mortgage was executed as aforesaid to Stephen and Marcia Osborn, and becomes due Oct. 3, 1915, and recorded in volume 7 of Mortgages, page 145.''

The instrument shows that the obligees are to assign the lease and to convey the bottom lands, and this obligation is not severable. They are to do both in order to ripen an action against either or both the principal and the surety on the bond. Can it be said that appellant has a cause of action when there is an obligation, untendered and unperformed on his part, that is precedent to, or at least concurrent with, the obligation which he seeks to enforce?

In *Tacoma Water Supply Co. v. Dumermuth,* 51 Wash. 609, 99 Pac. 741, the court said:

''After the respondents acquired their deed from the state, their obligation to convey and the obligation on the part of the purchaser to pay the purchase price became *mutual, concurrent* and *dependent,* and *neither party could thereafter put the other in default or claim a forfeiture without first tendering performance on his part;* and this, whether the contract contained a forfeiture clause or not.''

See, also, *Mudgett v. Clay,* 5 Wash. 103, 31 Pac. 424; *Underwood v. Tew,* 7 Wash. 297, 34 Pac. 1100; *Stein v. Waddell,* 37 Wash. 634, 80 Pac. 184; *Katz v. Hathaway,* 66 Wash. 355, 119 Pac. 804.

Did appellant prove that the conditions for which the bond was given were performed or tendered, within a reasonable time or at all, to the proper person who

was entitled to accept them? The evidence fails so to show. The principal of the bond surely could not be held liable if the conditions for which it was given were not performed, and undoubtedly the surety cannot be held where his principal could not.

We think the trial court properly dismissed the action for failure of proof. The judgment is affirmed.

MAIN, C. J., MOUNT, CHADWICK, and MACKINTOSH, JJ., concur.