STATE v. PACKER CORPORATION

No. 5177. Decided July 30, 1931. (2 Pac. [2d] 114.)

See, also, 77 U. 500, 297 P. 1013.

*Dan B. Shields*, of Salt Lake City, and *W. H. Reeder, Jr.*, of Ogden, for appellant.

*Geo. P. Parker*, Attorney General, and *Byron D. Anderson*, Deputy Attorney General, for the State.

FOLLAND, J.

This is an appeal by the defendant from the district court of Salt Lake county from a judgment of conviction and sentence to pay a fine for displaying on a billboard owned and operated by defendant an advertisement of Chesterfield cigarettes in violation of section 2 of an act amending section 2, chap. 145, Laws Utah 1921, as amended by chapter 52, Laws Utah 1923, as amended by chapter 92, Laws Utah 1929. The complaint charges:

"That the said Packer Corporation and George W. Hamlyn at the time and place aforesaid, did wilfully and unlawfully display in Salt Lake City, Salt Lake County, Utah, on a bill board owned and operated by the defendant, an advertisement of Chesterfield cigarettes by displaying a representation of a package of Chesterfield cigarettes with the words 'Good taste takes the lead'; contrary to the provisions of the Statute of the State aforesaid in such case made and provided, and against the peace and dignity of the State of Utah."

Section 2, of chapter 92, Laws Utah 1929, the section under which this action is brought, reads as follows:

"It shall be a misdemeanor for any person, company, or corporation, to display on any bill board, street car sign, street car, placard, or on any other object or place of display, any advertisement of cigarettes, cigarette papers, cigars, chewing tobacco, or smoking tobacco, or any disguise or substitute of either, except that a dealer in cigarettes, cigarette papers, tobacco, or cigars or their substitutes, may have a sign on the front of his place of business stating that he is a dealer in such articles, provided that nothing herein shall be construed to prohibit the advertising of cigarettes, cigarette papers, chewing tobacco, smoking tobacco, or any disguise or substitute of either in any newspaper, magazine or periodical printed or circulating in the State of Utah."

A demurrer was interposed to the complaint and over-ruled by the court, which demurrer contained the following grounds:

"That said complaint does not state facts sufficient to constitute a public offense; that the Statute upon which said complaint is based violates the provisions of article 1, § 1, of the Constitution of the State of Utah with respect to the inherent and inalienable right of the defendant to acquire, possess and protect its property; of article 1, § 7, of the Constitution of the State of Utah, with respect to depriva-tion of property without due process of law; of Article 1, Section 18 of the Constitution of the State of Utah, with respect to impairing the obligations of contracts; of article 1, § 24 of the Constitution of the State of Utah, relating to uniform operation of all laws of a general nature; (6) of article 8, § 5, of the Constitution of the State of Utah, in that said law, as amended, a direct imposition by the Legislature of the State of Utah, for a tax for the purpose of cities, towns and other municipal corporations; (7) of article 6, § 23, of the Constitu-tion of the State of Utah, in that it contains more than one subject and that it is not a general appropriation bill or a bill for the codifica-tion and general revision of laws, and that the title does not clearly express the contents of the law; of article 1, § 10 of the Constitution of the United States, respecting impairing of the obligation of con-tracts; of article 1, § 8, of the Constitution of the United States relat-ing to Interstate Commerce; of article 1, § 10, of the Constitution of the United States respecting impairing of the obligation of contracts; of article 4, § 2, of the Constitution of the United States respecting the privileges and immunities of citizens in the several states; of the Fourteenth Amendment to the Constitution of the United States respecting the deprivation of property without due process of law and/or respecting the denial to persons within the jurisdiction of the State of Utah of the equal protection of the laws."

The state proved that the defendant, a foreign corpora-tion maintaining an office in charge of a local manager and doing business within the state, owns, operates, and main-tains numerous billboards at various places throughout the state, including one at the corner of Second West and Seventh North streets in Salt Lake City; upon which is a large lithograph poster 12 feet by 25 feet in size, containing a picture of a large gray horse bearing a lady rider, a picture of a package of Chesterfield cigarettes, with the

words "Good taste takes the lead"; that Second West street is a highway carrying most of the traffic in and out of Salt Lake City to the communities north, and the billboard is in a conspicuous place where any one passing along the street can see it.

Defendant offered no evidence, but on cross-examination of the state's witnesses proved, over objection of the state, that Chesterfield cigarettes are shipped into the state from the place of manufacture, that the lithograph poster was printed outside the state and shipped in, and that the contract for advertising these cigarettes was made by the defendant company at its main office in Ohio.

Defendant assigns as error the action of the district court in overruling the demurrer, entering judgment of conviction, and passing of sentence. No question is raised as to the sufficiency of the evidence or regularity of the proceedings. Paragraphs 6 and 7 of the demurrer were not argued either orally or in the briefs, and therefore no reference to the matter contained therein is necessary. The arguments presented are wholly concerned with the constitutionality of the act in question, and are substantially the same as were considered and passed on by this court in the case of *State* v. *Packer Corporation,* 77 U. 500, 297 P. 1013. The decision in that case is therefore controlling.

The evidence being sufficient and the proceedings regular, the judgment of conviction is affirmed upon authority of *State* v. *Packer Corporation,* supra.

CHERRY, C.J., and EPHRAIM HANSON, J., concur.

STRAUP, J.

I dissent for the reasons stated in my dissenting opinion in the former case, *State* v. *Packer Corporation* (Utah) 297 P. 1013, referred to in the prevailing opinion. I admit that substantially the same questions presented and decided in the former case are presented on this appeal. Should the doctrine of stare decisis be applied I, because thereof, would

on this appeal now yield my views expressed in the former case and concur in the prevailing opinion on this appeal. I however, think the doctrine not applicable. A petition for a rehearing in the former case was filed but not ruled on until just before—the same day—the decision in this case was announced and filed. The former decision not being final until the petition for rehearing was denied, the decisions in both cases in effect are simultaneous.

While a single decision, though by a divided court, when existing undisturbed for some considerable time, and where because of it rights may have been acquired or a course of conduct or of dealings established, may be considered obligatory as a precedent and with respect thereto, the doctrine of stare decisis applied, yet where, as here, the former decision, with two members of the court dissenting, not becoming final until the present decision is rendered and filed, and until then no rule of law established with respect to the subject, and no rights because thereof yet acquired nor any course of conduct or dealings established, the reasons upon which the doctrine rests being absent, the doctrine itself ceases and is rendered inapplicable. 11 Cyc. 745; *Kimball* v. *Grantsville City,* 19 Utah 368, 52 P. 1, 45 L. R. A. 628; *Hopkins* v. *McCann,* 19 Ill. 113; *Hill* v. *State,* 112 Ga. 400, 37 S. E. 441; *Westhus* v. *Union Trust Co.* (C. C. A.) 168 F. 617; *Hart V. Burnett,* 15 Cal. 530; *Becker* v. *Superior Court,* 151 Cal. 313, 90 P. 689; *McDonald* v. *Davey,* 22 Wash. 366, 60 P. 1116; *Montgomery County Fiscal Court* v. *Trimble,* 104 Ky. 629, 47 S. W. 773, 42 L. R. A. 738; *Jackson County* v. *State,* 155 Ind. 604, 58 N. E. 1037.

Further, by the decision in the former case and in this case, the validity of the act considered as to whether it was unauthorized by and in conflict with not only provisions of the state Constitution but of the Federal Constitution as well was directly in question and determined, and thus the determination in the former case was not by a court having final jurisdiction of the question involved. And, where a decision of a tribunal is subject to review by a higher and

final tribunal or the question determined may be passed on by a higher and final tribunal in another case, the doctrine of stare decisis does not apply with full force, until the same question or questions have been determined by the court of last resort. 17 R. C. L. 1005; *Calhoun Gold Mining Co.* v. *Ajax Gold Mining Co.*, 27 Colo. 1, 59 P. 607, 50 L. R. A. 209, 83 Am. St. Rep. 17.

For the same reason, law of the case could not be invoked even were this a second appeal of the same case. *Roach* v. *Los Angeles & S. L. R. Co.* (Utah) 280 P. 1063, on petition for rehearing and cases noted in 41 A. L. R. 1078. But here there were no two appeals of the same case. The appeals are appeals of two distinct and separate cases involving two separate offenses and transactions, though similar in character and involving violations of the same act. So also for such reasons the doctrine of law of the case may not be invoked.

I therefore still dissent, and think the act invalid for the reasons stated in my dissenting opinion in the former case.

ELIAS HANSEN, J. (dissenting).

I was not in accord with the results reached by the majority of the members of this court in the former case of *State* v. *Packer Corporation* (Utah) 297 P. 1013. I am still of the opinion that a different result should have been reached in that case. And for reasons just stated by Mr. Justice STRAUP, I also am of the opinion that the decision in the former case is not as a precedent of controlling effect on this appeal, and therefore dissent from the conclusion reached in the prevailing opinion herein affirming the judgment of the court below.